# Ware *v.* The State.

*Enticing Employees of Another.*

[DECIDED MAY 8, 1906, 41 So. REP. 153.]

1. *Indictment; Necessity; Enticing Employes.*—A justice of the
   peace has no jurisdiction to try one for a violation of § 5505 of
   Code, as amended by General Acts 1901, except as a commit-
   ting magistrate to bind over, and after binding over, the de-
   fendant cannot be tried by a county or circuit court until an
   indictment has been preferred against him. And the act cre-
   ating the County Court of Elmore (Local Acts, 1898-99, p.
   257) does not dispense with the necessity for indictment.

APPEAL from Elmore County Court.

Heard before Hon. H. J. LANCASTER.

This was a prosecution commenced by affidavit in the
justice court returnable to the justice of the peace. The
affidavit charges that the defendant knowingly interfered
with, hired, engaged, enticed away or induced Coleman
Smith, a minor, to leave or quit the services of one Mead-
ows his adopted father or guardian, to whom such service
is lawfully due without the consent of said Meadows giv-
en in writing or in the presence of some credible person.
The endorsements on the warrant show that it was exe-
cuted by arresting the defendant in open court, and his
discharge on bail in open court. All this appears to have
happened in the justice court. The trial was had in the
county court of Elmore county where before entering on
the trial, the defendant filed a motion objecting to being
put upon the trial because of a want of jurisdiction in
this court; because the record in said cause shows that
the justice of the peace did not have final jurisdiction but
adjudged the defendant guilty; because the trial before
the justice of the peace was before him as a committing
magistrate and the defendant should have been bound
over to await the action of the grand jury; and because
the trial before the justice of the peace was a committal
trial, and this court cannot acquire jurisdiction until
an indictment is preferred by the grand jury. This mo-
tion was overruled and defendant was convicted.

[Ware v. The State.]

E. S. Thigpen for appellant.—The court should have sustained the objection of the defendant to being placed upon trial in the county court. The facts show that the defendant was tried before a justice of peace and admitted to bail. The only jurisdiction the justice of peace had was to act as a committing magistrate and bind the defendant over to await the action of the grand jury. The act creating the Elmore county court does not give that court appellate jurisdiction, nor do away with the requirement that an indictment is necessary to put one upon his trial after commitment by a justice of the peace. (Other matters are discussed in the brief pertaining to the action of the court in reference to evidence and charges and as to a proper construction of the section under which the affidavit was drawn, but as these things are not discussed in the opinion, it is not necessary to here set them out.)

Massey Wilson, Attorney-General for State.—While it is true that the justice of the peace had no jurisdiction of the defendant and was only authorized to bind him over, the fact that he entered a judgment of guilty was in effect a finding that there was probable cause for believing him guilty, and under the authority of section 19, of the act creating the county court of Elmore (Local acts, 1898-9, p. 257) the justice of the peace rightly conditioned the bond for the defendant's appearance at the next term of the county court. (The Attorney General also discusses the other questions raised by record, but it is deemed unnecessary to set them out here.)

ANDERSON, J.—The defendant was tried by a justice of the peace for the violation of section 5505 of the Code of 1896 as amended by the act of 1901, page 1215, upon an affidavit made before him, and upon a warrant issued by and returnable to him. He had no jurisdiction to try the case, except as a committing magistrate, and as such bind him over to the next term of the county court of Elmore county. The legal effect of binding the defendant over was, that he await the action of the grand jury, and until he was indicted, he could not have been tried upon said charge by the county or circuit court.

[The State v. Simons.]

The act creating the county court of Elmore county, 1898-99 page 257, does not dispense with the necessity of an indictment in cases similar to this one. The county court not having jurisdiction to try this case upon the affidavit, the prosecution should have been dismissed.

The judgment of the county court is reversed and one is here rendered discharging the defendant.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.