## CLARK *vs.* THE STATE.

46  307
124  72

[TRIAL OF DEFENDANT IN CIRCUIT COURT, ON STATEMENT BY SOLICITOR, AFTER DEMAND FOR TRIAL BY JURY MADE IN THE COUNTY COURT.]

1. *Indictment; when necessary for trial of misdemeanors transferred from county court to circuit court.*—Where a defendant, charged with a misdemeanor before the county court, demands a trial by jury, he is entitled to have the trial of the case transferred to the circuit or city court, and can then only be tried by indictment.
2. *Charge to jury; what erroneous.*—Where all the evidence is set out, and there is no proof of venue, it is error to refuse to charge the jury "that even if they believe the evidence they can not find the defendant guilty." Such a refusal ignores the necessity of proof of venue.

APPEAL from Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY.

The facts appear in the opinion.

JOHN A. FOSTER, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra.*

PETERS, J.—The appellant, said Clark, was arrested on a charge of assault and battery, and brought before the county court of Barbour county for trial, at the January term of said court in 1871. On being arraigned the accused demanded a trial by jury; and, thereupon, he entered into bond, as required by law, for his appearance at the next term of the circuit court of said county of Barbour, to answer said charge.—(Rev. Code, §§ 4031, 4047.)

The accused appeared in the circuit court as required by his bond, when he was put upon his trial, on a charge in the following language—that is to say:

"The State of Alabama,    ⎰    In the Circuit Court,
        Barbour county.    ⎱        Spring term, 1871.
                Brought from the County court.
The State of Alabama, by its solicitor, complains of

Berry Clark, that within twelve months before the commencement of this prosecution he did assault and beat James Sims, against the peace and dignity of the State of Alabama.

A. V. LEE,<br>
Solicitor of Barbour county."

To this charge, thus made, the accused pleaded not guilty, and was tried, by a jury, and convicted and fined twenty-five dollars. And a judgment was thereupon rendered, as required by law. From this judgment the accused appeals to this court.

On the trial in the circuit court, there was a bill of exceptions taken by the defendant below. From this it appears that there was no indictment found by the grand jury against the defendant in the court below, and that he was tried, without objection, on the statement made by the solicitor as above quoted. The trial was by a jury. On the trial the proceedings had before the county court were read by the solicitor for the State to the jury without objection, and "the State then proved that the defendant assaulted and beat James Sims as charged in the statement of the cause of complaint signed by the solicitor." This was all the evidence. And upon this the defendant moved the court to charge the jury, in writing, that even if they believed the evidence they must find the defendant not guilty." This charge the court refused and the defendant excepted.

It appears from this proceeding, that the defendant was convicted in the court below upon a charge of assault and battery without indictment. This may be done when there is an appeal from a judgment of conviction on a trial in the county court.—(Rev. Code, §§ 4054, 4031.) But if there is no conviction in the county court and no appeal from such conviction to the circuit court, this cannot be done. The constitution of the State forbids that any person shall "be deprived of his life, liberty or property, but by due process of law."—Const. art. 1, § 8.) "Due process of law," means according to the law of the land.—(3 Story Const. 264, 661; *Murry's Lessee v. Hoboken Land & Insp. Co.* 18 How. 272; 2 Inst. 50, 276.) The law only authorizes the

county court, in the event that the accused demands a trial by jury, to bind him over to answer the charge in the city or circuit court of the county.—(Rev. Code, § 4047.) "All felonies, and all misdemeanors originally prosecuted in the circuit or city court are indictable offenses."—(Rev. Code, § 4108 ) Indictment, then, is the only legal mode of proceeding, in such a case as this, in the circuit court. That court cannot proceed to apply the law in any other manner.—(Const. Ala. AA. 1, § 9.) A judgment in a criminal prosecution, except in trials before the county court, or on appeals from convictions in the county court, may be arrested, because the charge has not been made by indictment found by the grand jury.—Rev. Code, § 4146.) Here the charge was not made by indictment found by a grand jury as required by law. A conviction on such an indictment is erroneous.—(Comy. Dig. Indictment N.)

The bill of exceptions sets out all the evidence, and neither in it or in the record is there any allegation or proof of venue in this case. The refusal to charge the jury that "even if they believed the evidence they could not find the defendant guilty," was erroneous, because it ignored the necessity of the proof of venue.—(*Brown v. The State*, 27 Ala. 47 ; *Sweeney v. The State*, 28 Ala. 48 ; *Spaight v. The State*, 29 Ala. 32.) The proof does not show that the offense was committed in the county or district in which the trial was had. This is necessary.—(Const. Alabama, art. 1, § 8.)

Let the judgment of the court below be reversed and the cause remanded. But the appellant, said Berry Clark, will be held in custody until discharged by due course of law.

[NOTE BY REPORTER.—On the authority of this case, the judgment in the case of *McGawin v. The State,* was reversed and cause remanded, &c.]