# Thomas v. The State.

*Prosecution for Petit Larceny.*

1. *Prosecutions for misdemeanors* —The legislature has, since the adoption of the Constitution of 1865, had authority to dispense with presentments of grand juries in cases of petit larceny, assault, assault and battery, affray, unlawful assembly, vagrancy and other misdemeanors, and authorize their prosecution before justices of the peace and other inferior courts.

2. *Same form of complaint.*—In a prosecution for petit larceny before a county court, it is not necessary that the complaint shall conclude with the words "against the peace and dignity of the State."

APPEAL from Sumter County Court.

Tried before Hon. W. R. DeLOACH.

Appellant was tried and convicted for petit larceny. The prosecution was commenced by a complaint sworn out before the judge of the county court. The complaint did not end with the words "against the peace and dignity of the State of Alabama." The defendant demurred to the complaint on the ground that it fails to allege that the offense of which he was charged was "against the peace and dignity of the State of Alabama." This demurrer was overruled, and the defendant duly excepted. The evidence introduced for the State tended to show that the defendant was guilty of the larceny charged in the complaint. The overruling of the defendant's demurrer to the complaint presents the only question considered on this appeal.

SMITH, VAN DE GRAFF & TRAVIS, for appellant.—Cited 10 Amer. & Eng. Enc. of Law pp. 513, 702, 708 and notes; 6 N. E. Rep. 486. Blackstone's Com. 308; 1 Bouv. Law Dict. (Heading Information".)—*Sylvester v. State,* 71 Ala. 17; *Johnson v. State,* 59 Ala. 37; *Snow v. State,* 54 Ala. 138; *Horton v. State,* 53 Ala. 488.

W. C FITTS, Attorney-General, for the State.—Cited; *Nichols v. State,* 35 Wis. 308; 10 Amer. & Eng. Enc. of Law, top page, 706; *People v. Velarde,* 59 Cal. 457.

[Thomas v. The State.]

HARALSON, J.—Section 12 of the Bill of Rights of the constitutions of 1819 and 1861, of this State, provided that ''no person shall, for any indictable offense, be proceeded against criminally, by information, except in cases arising in the land and naval forces, or the militia when in actual service, or by leave of the court for oppression or misdemeanor in office."

The constitution of 1865, contains this same provision with the following added thereto : *"Provided,* That in cases of petit larceny, assault, assault and battery, affray, unlawful assemblies, vagrancy and other misdemeanors, the General Assembly may by law, dispense with a grand jury and authorize such prosecutions before justices of the peace, or such other inferior courts as may be by law established ; and the proceedings in such cases may be regulated by law." The constitutions of 1868 and of 1875 contain the same provisions,—in Art. 1, Sec. 10 in the one, and 9, in the other, except that the words, "and the proceedings in such cases may be regulated by law," were omitted in the two latter, but this omission did not have the effect to abridge the power of the legislature to regulate such proceedings.

It will be observed that in the constitutions of 1819 and 1861, all indictable offenses, without exception, ("except in cases arising in the land and naval forces, or the militia when in actual service, or by leave of the court, for oppression or misdemeanor in office") were required to be proceeded against by indictment of a grand jury, and not until after the adoption of the constitution of 1865, containing the added *proviso* as to certain misdemeanors, that they might be proceeded against without indictment, was there ever in this State a prosecution for misdemeanors before justices of the peace and county courts, to finally try and dispose of them. Until the adoption of the Penal Code of 1866, we had no county courts. They were first established by section 482 of that Code. And until its adoption, justices of the peace were confined in their criminal jurisdiction, to preliminary examinations with the view of binding criminals over to the circuit court, or discharging them if there was no probable cause for charging them with the offenses preferred against them. *Sale v. The State*, 68 Ala. 530. But the Penal Code of 1866 contained that system of penal statutes, carried into our later

[Thomas v. The State.]

codes, and first authorized by the constitution of 1865, by which the justices and county courts came into the exercise of jurisdiction to try and punish criminals for misdemeanors on complaints less formal than indictments. Under this constitutional provision, the legislature found competency to bestow authority on those inferior courts to try such offenses, and to regulate the proceedings by which they were to be tried.

Section 28 of Art. VI of the constitution of 1875, as did each of the other preceding constitutions, contained the same provision, that "the style of all process shall be 'The State of Alabama,' and all prosecutions shall be carried on in the name and by the authority of the same and shall conclude, 'Against the peace and dignity of the State.' "This provision as first adopted, manifestly referred to all prosecutions of a criminal character, for which persons were to be tried and punished. All these, as we have seen, were to be commenced by indictment, "except in cases arising in the land and naval forces, or the militia when in actual service, or by leave of the court for oppression or misdemeanor in office," and the cases specified in this exception, were authorized to be proceeded against on information. Since the adoption of the constitution of 1865, however as has been shown, the legislature has had authority to dispense with presentments of grand juries in cases of petit larceny, assault, assault and battery, affray, unlawful assembly, vagrancy and other misdemeanors, and authorize their prosecution before justices of the peace and other inferior courts such as they might establish.

The question is now presented, whether criminal prosecutions commenced without the presentment of a grand jury, such as are authorized to be tried by and before the county courts and justices of the peace, on affidavits and warrants, must conclude "against the peace and dignity of the State." All our forms in the county courts and before justices of the peace, which do not conclude in this manner, have been used since the adoption of the Penal Code of 1866; and were supposed to find sanction in said provision of the constitution of 1865, (Art. 1 § 9) wherein the legislature was given the power in specified prosecutions to dispense with grand juries. That system of criminal prosecutions inaugurated in 1866, has been since maintained in this State. It became estab-

lished in our criminal administration before the adoption of the constitution of 1868, and under that of 1865; and the legislature, bench and bar, have recognized it to be of constitutional sanction. With such recognized interpretation, this provision of the constitution of 1865 was carried into the constitutions of 1868 and 1875.

Under these statutes, thousands of convictions have been had and the punishments awarded have been and are now being enforced. After all this, it is too late to declare void these statutes so deeply engrafted on our criminal jurisprudence, and not till now called in question.—*Wetmore v. The State*, 55 Ala 200; Sedg. Cons. & Stat. Con. 212.

It should be added, that in impeachment proceedings, we have held that the information should conclude "against the peace and dignity of the State," and we would in no wise impair such holding.

We find no error in the ruling of the county court.

Affirmed.