[Frost v. The State.]

# Frost *v.* The State.

$\frac{124}{129}\frac{71}{100}$

*Indictment for Carrying Concealed Pistol.*

1. *Misdemeanors; may be prosecuted by affidavit and warrant.* There is no constitutional restriction upon the legislative power to dispense with indictments in cases of misdemeanor.

2. *Same.*—Where the statute authorizes the prosecution of misdemeanors in a city court by affidavit and warrant, the jurisdiction of the court attaches to such offenses when so prosecuted; and the jurisdiction once attaching is not ousted by a demand for jury trial on the part of the defendant—the statute providing for empanelling juries in that court, and for a trial by jury there upon the defendant's demand whether the prosecution be begun by affidavit and warrant or by indictment.

3. *Charge on effect of evidence of a single witness; when improper.* A charge is properly refused to the defendant in a criminal case which requires the court to single out the testimony of a particular witness and charge upon its effect, thereby giving it special importance, when there is evidence in the case amounting to a dispute of fact.

4. *Charge which misstates the evidence or is argumentative, properly refused.*—A charge is properly refused to a defendant in a criminal case which misstates the evidence or is argumentative.

APPEAL from Talladega City Court.
Tried before Hon. G. K. MILLER.
The facts appear in the opinion.

J. W. VANDIVER, for appellant.—When jury trial is demanded the defendant must be indicted before he can be tried.—*Ex parte Reeves,* 96 Ala. 33; *Ex parte Gibson,* 89 Ala. 176; *Clarke's Case,* 46 Ala. 307.

CHAS. G. BROWN, Attorney-General, for the State. (1). Necessity for indictment under the law affecting this case.—*McClelland's Case,* 118 Ala. 122. (2). The second charge requested by defendant limits the de-

termination of his guilt to the testimony of a single witness.—*Crawford's Case*, 21 So. Rep. 214; *King v. State*, 25 So. Rep. 172.

SHARPE, J.—A prosecution for carrying a pistol concealed about his person was commenced against the defendant by affidavit charging him with that offense. He demanded a jury and was tried and convicted upon a verdict of guilt. He now insists that it was illegal to put him to trial without an indictment having been found, as in cases commenced in the county court and sent from there to the circuit court upon a demand for a jury trial. That position cannot be sustained. The necessity for indictment in cases so sent from the county court grows out of the fact that an indictment was the only mode provided by statute for attaching the jurisdiction of the circuit court to a criminal offense.—*Clarke v. State*, 46 Ala. 311.

There is no constitutional restriction upon the legislative power to dispense with indictments in cases of misdemeanors.

The special statute defining the powers and regulating practice in the city court of Talladega enacts that the court "shall have jurisdiction of all prosecutions for misdemeanors which may be instituted or commenced in said court by complaint and warrant, and all prosecutions for misdemeanors may be commenced by any person complaining in the forms now prescribed by law for the commencement of prosecutions in the county court" etc.—Acts 1894-5, p. 1222.

Thus the statute expressly authorizes the prosecution of misdemeanors in the city court by affidavit and warrant, and fastens the jurisdiction of the court upon such offenses when so prosecuted. It makes provision for empanelling juries in that court, and for a trial by jury there upon the defendant's demand, whether the prosecution be begun by affidavit and warrant or by indictment, so that the jurisdiction once attached, is not ousted by a demand for a jury as happens in the county court, in cases originating there.

The charges requested by the defendant were properly refused. Where there is evidence amounting to a dis-

pute of fact the court is not required to single out the testimony of a particular witness and charge upon its effect thereby giving to it special importance, as is done in the 2d charge.

The third charge misstates the evidence of the State's witnesses. They did not positively limit the commission of the offense to the 14th or 15th of April as is assumed in that charge, and furthermore the charge is argumentative.

We find no error in the record.

Judgment affirmed.