# Witt *v.* The State.

*Prosecution for Selling Spirituous, Vinous and Malt Liquors.*

1. *Constitutional law; legislative action authorizing trial of misdemeanors by circuit court where prosecution commenced by affidavit and not indictment.*—Under the provisions of the constitution authorizing the General Assembly to pass laws dispensing with a grand jury in cases of misdemeanors, (Const., Art. I, § 9), the General Assembly has full power under an act to regulate the trial of misdemeanors in a particular county, to provide that where a prosecution for misdemeanors is begun by affidavit in a county court, upon demand for a trial by jury, the case shall be transferred to the circuit court and there be tried on the complaint as made by the affiant and without action by a grand jury; and under such an act so regulating the trial of misdemeanors, it is no objection to a trial by jury in the circuit court that an indictment was not preferred against the defendant.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. S. H. SPROTT.

The prosecution against the appellant, Bob Witt, was commenced by an affidavit made before the judge of probate of Sumter county, charging said Witt with selling, giving away or otherwise disposing of spirituous, vinous or malt liquors without a license and contrary to law. The facts of the case necessary to an un-

derstanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that if you believe all the evidence in this case, you must acquit the defendant." (2.) "The court charges the judy that if you believe all of the evidence in this case, you can not find the defendant guilty in this case, on the complaint filed in this cause and you must acquit the defendant." (3.) "The court charges the jury that the defendant can not be convicted upon the complaint filed in this cause and you must acquit the defendant."

From a judgment of conviction the defendant appeals.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—This prosecution was commenced in the county court by affidavit charging defendant with violating the local liquor prohibition law in Sumter county found in Acts of 1890-91, p. 312. On his demand for a jury the cause was transferred to the circuit court where he was on verdict adjudged guilty under the third section of the act and fined as for a second offense. Certain exceptions were reserved to the rulings on evidence and other action of the court, but they are each without merit. Seemingly the charges requested by and refused to defendant, and likewise his motion for a new trial were intended to raise the question as to whether he could be legally tried in the circuit court without an indictment. The amended act regulating trials of misdemeanors in the Sumter county court (see Acts, 1898-99, p. 376) provides: "That any person charged with a misdemeanor, excepting violation of the revenue law, either by complaint or indictment, shall be entitled to a trial by jury, but should he waive the same, the court shall make an entry thereof on the

[Witt v. The State.]

record, and shall proceed to hear and determine the case; but if a jury is demanded, and in no other case, the Court shall make an entry of record in said cause, that the defendant demanded a jury, and upon said entry of a demand for a jury, the clerk of the county court shall transfer the indictment and complaint, as the case may be, to the circuit court, together with a certified copy of all docket entries and minutes of proceedings made in said cause to said circuit court, and upon said transfer of the indictment or complaint, and certificate of the docket entries and minutes of the proceedings made therein, the jurisdiction of said circuit court shall attach in said cause, and the jurisdiction of said county court shall cease and terminate, and the cause shall stand regularly for trial in said circuit court," etc. In this act there is a clear implication that cases begun by affidavit in the county court shall when transferred to the circuit court be there tried on the complaint as made by the affidavit, and without action by the grand jury. To so enact was fully within the power of the legislature. The present constitution, different in this respect from the constitutions prior to that of 1865 (*Thomas v. The State*, 107 Ala.61), excepts misdemeanors from its prohibition against proceeding criminally by information for indictable offenses, by providing that in cases of misdemeanors "the General Assembly may by law dispense with a grand jury, and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established."—Const., § 9, Art. I. The first clause of this proviso giving power to dispense with a grand jury is general, and applies to circuit courts as well as other courts.

Judgment affirmed.