# Jones *v.* The State.

*False Pretenses.*

(Decided Feb. 5th, 1907.   43 So. Rep. 28.)

*Criminal Law; Misdemeanor; Jury Trial Demanded; Necessity for Indictment.*—Where the prosecution is begun upon affidavit and warrant before a justice of the peace, and the defendant demands a trial by jury, the defendant cannot be tried except upon indictment returned by the grand jury.

APPEAL from Walker Law and Equity Court.
Heard before Hon. T. L. SOWELL.

The prosecution is this case was commenced by affidavit before one L. C. Kelly, a justice of the peace in Walker county. Upon the making of the affidavit, the justice of the peace issued the following command to any lawful officer of the state of Alabama: "You are hereby commanded to arrest Charlie Jones (colored), and bring him before me at my office at Carbon Hill, Ala., instanter, to answer the state of Alabama of an attempt to obtain money by false token or pretense." On the trial be-

fore the justice of the peace the defendant demanded trial by jury, whereupon the justice fixed his bond, and in default of bond committed him to jail until he was legally discharged. The case was put upon the docket of the Walker law and equity court to be tried upon the affidavit and warrant originally obtained from the justice court and before an indictment has been returned by the grand jury of said court. The defendant objected by way of demurrer and motion to being tried until an indictment had been preferred in the cause. The court overruled the demurrers and denied the motion, and put the defendant upon his trial upon the affidavit and warrant, after allowing the same to be amended. The defendant was convicted and appealed.

RAY & LEITH, for appellant.—The original affidavit in the case was void and could not be amended.—*Miles v. The State,* 94 Ala. 106. The objections to the evidence should have been sustained.—*Rogers v. The State,* 62 Ala. 170. ) Counsel discuss the other matters referred to in the opinion but cite no authority.)

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

ANDERSON, J.—The prosecution was commenced before a justice of the peace upon affidavit and warrant returnable before him, and was for an offense of which he had final jurisdiction. The defendant demanded a jury trial, as is provided by section 4636 of the Code of 1896. This precluded the justice of the peace from taking any steps in the matter, other than to bind the defendant over to the circuit or city court (the Walker law and equity court in this instance), or to order the defendant committed to jail in default of a bond. The Walker county law and equity court has jurisdiction to try all misdemeanors upon affidavit made before the judge of said court, upon appeals to said court, upon affidavits made before magistrates where the process is returnable to said court, and upon indictments returnable to said court or transferred to same.—Acts 1900, p. 112, and as amended on page 1112 of said Acts. The affida-

vit in the case at bar having been made before a justice of the peace, and the process being returnable to him, the Walker law and equity court had no jurisdiction to try the case until an indictment was found by the grand jury, as the demand for a jury trial under the Code did not give the Walker court jurisdiction to try the case upon affidavit, as in cases of appeal upon affidavits made before justices and returnable to said court. The case did not get before said court under either of said methods, and it had to rely upon an indictment to acquire jurisdiction to try the same.—*Clark v. State,* 46 Ala. 307; *Ware v. State,* 145 Ala. 93, 41 So. 181.

It is true the justice did not have final jurisdiction in the *Ware Care, supra;* but the principle of acquiring jurisdiction by the court to which the defendant is bound over upon his demand under the statute is the same. This point does not seem to have been fully considered or discussed when this case was here before, which is reported in 41 South. 299. Nor is the case of *Frost v. State,* 124 Ala. 71, 27 South. 550, in conflict with what we hold in the case at bar. The city court had jurisdiction in said case, as the prosecution was instituted in said court, which gave it jurisdiction to try the defendant, either with or without a jury, dependent upon his demand. The judge of the Walker law and equity court erred in not granting defendant's motion to dismiss the prosecution, and the judgment is therefore reversed, and one is here rendered discharging the defendant.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.