# Lewis *v.* The State.

### Selling Intoxicating Liquors.

(Decided May 13, 1909.   49 South. 753.)

1. *Criminal Law; Change of Prosecution on Appeal.*—Where one is prosecuted for violating a city ordinance and appeals to the circuit court from a conviction therefor in the mayor's court, there is no authority of law for filing an amended complaint in the circuit court in the name of the state·for the violation of a state statute.

2. *Constitutional Law; Due Process; Indictment.*—A defendant against his objection cannot be tried in the circuit court without first being indicted unless he has taken an appeal from an inferior state court from a conviction therein to the circuit court. (Sec. 6, Const. 1909.)

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. B. M. MILLER.

A prosecution against Willoughby Lewis was commenced in the mayor's court for selling intoxicating liquors in violation of law, and from a conviction there he appeals to the circuit court. In that court the solicitor filed an amended complaint, charging said Lewis for a violation of the state statute, and proceeded against him criminally for a violation thereof. From this last judgment of conviction he appeals. Reversed and rendered.

THOMAS L. BULGER, for appellant.—The defendant must have been indicted before he could be tried on a charge in the circuit court.—Section 8, Const. 1901; *Clark v. The State,* 46 Ala. 307.

ALEXANDER M. GARBER, Attorney-General, for the State.—The action of the court in allowing the amendment was proper.—*Wright v. The State,* 136 Ala. 139; *Miles v. The State,* 94 Ala. 106.

DENSON, J.—The record in this case shows conclusively that this prosecution was commenced before the mayor of the town of Dadeville against the defendant for a violation of a town ordinance; that he was convicted by the mayor, and that a judgment was rendered by the mayor against him and in favor of the town; that from the judgment of conviction defendant appealed to the circuit court of Tallapoosa county, and that in that court a complaint was filed against the defendant in the name of the town; that the prosecution proceeded in the name of the town, until the court, on the trial, sustained defendant's objection to the ordinance of the town as evidence, and then permitted the solicitor, who was conducting the case for the town, against the objections of the defendant, to amend the complaint filed in the cause, by making it run in the name of the state against the defendant for the selling of spirituous, vinous, or malt liquors without a license and contrary to law. It is further shown by the record that the defendant was convicted of the offense as charged in the last complaint, and was thereupon fined $50, and that judgment was rendered against him and his sureties (who confessed judgment with him), in favor of the State of Alabama for the use of Tallapoosa county.

We know of no law authorizing such a radical departure as this record reveals—a change from a prosecution for the violation of a town ordinance, to a prosecution, in the name of the state, for the violation of a statute of the state. And the record shows that the defendant, against his objection, was tried for a crimina offense in the circuit court, without being first indicted, and without an appeal having been taken by him to said court from a conviction thereof.—*Cark v. State,* 46 Ala. 311; Const. 1901, § 6.

The judgment appealed from will be reversed, and a judgment will be here rendered discharging the defendant.

Reversed and rendered.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.