# Smith *v.* The State.

*Abusive, Insulting or Obscene Language.*

(Decided Feb. 3, 1910.   51 South. 602.)

1. *Indictment and Information; Complaint; Misdemeanor.*—Prosecutions for crime by information are not recognized in Alabama and county courts, under the general law, have no grand juries. Hence, Local Acts 1898-9, p. 176, establishing the Clay County Court by section 16, did not refer to prosecutions by information or indictment, but to prosecutions by complaint or affidavit.

[Smith v. The State.]

2. *Same; Necessity.*—Where a criminal prosecution is removed from the county courts under the general law to the circuit court, by a demand for a jury trial, an indictment becomes necessary to the jurisdiction of the circuit court, no other method of criminal procedure being provided in such court.

3. *Same; Jurisdiction of County Court.*—The Act establishing the Clay County Court (Local Acts 1898-9, p. 176), provides for trial by jury, in all cases where demanded and that all misdemeanors returned by justices of the peace to such court shall be tried on complaint filed by the solicitor, and hence, the fact that the defendant demanded a jury trial did not require the finding of an indictment, so as to oust the jurisdiction of the county court.

APPEAL from Clay County Court.

Heard before Hon. W. W. PEARSON.

James Smith was convicted of using abusive, insulting or obscure language, and he appeals.    Affirmed.

CORNELIUS & GAY, for appellant.—After setting out the several sections of the act creating the County Court of Clay County, counsel insist that there is no way by which one may be tried in county courts upon information, and that the county court was ousted of jurisdiction by a demand for trial by jury.—*Clark's Case,* 46 Ala. 307; *Ex parte Gibson,* 89 Ala. 176; *Reeves v. The State,* 96 Ala. 33.   While the Legislature can dispense with indictments in misdemeanor cases, unless it does so, the court was without jurisdiction to try without such indictment.—*Witt v. The State,* 130 Ala. 129; *Thomas v. The State,* 107 Ala. 61.   Where jury trial is demanded an indictment is necessary.—*Jones v. The State,* 43 South. 28.

ALEXANDER M. GARBER, Attorney General, for the State.   By the act creating the court indictments in misdemeanor cases were dispensed with and prosecution was authorized upon the complaint of the solicitor, and upon seasonable application, a jury trial could be had.   This, the legislature had the right to do.—*Frost v. The State,* 124 Ala. 71.

SAYRE, J.—Appellant was tried for misdemeanor in the county court of Clay. The trial was had on affidavit and warrant sworn out before a justice of the peace and made returnable into the county court, and, upon appellant's demand duly made, the issue of his guilt was submitted to a jury. He now renews his complaint that it was illegal to put him on trial without an indictment found.

By the Constitution it is provided that in cases of misdemeanor the Legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established. The question here made depends upon the proper construction of the act of December 13, 1908, establishing a county court for the county of Clay.—Loc. Acts 1889-99, p. 176. Section 16 of the act provides "that any person charged with the commission of a misdemeanor may be tried in the county court upon information, and the proceedings in such case shall be the same as now provided by law for trials upon information in the county courts under the general laws of this state, except that no appeal shall lie in such case to the circuit court." Prosecutions for crime by information are not recognized in this state. Clearly the statute did not intend prosecution by indictment, because county courts under the general law have no grand juries. It must therefore be held that Legislature intended to refer to some recognized proceeding other than by indictment or information; that is, to prosecution by complaint or affidavit.—*State v. Hewlett,* 124 Ala. 471, 27 South. 18. And this the appellant seems to concede.

But we take the insistence to be that because the act confers the jurisdiction of the circuit court and requires proceedings in the county court of Clay to be the same

[Smith v. The State.]

as provided by law for trials upon information in coun-
ty courts under the general law, and a demand for jury
trial under the general law ousts the jurisdiction of the
county courts, the demand for a trial by jury in this
case ousted the jurisdiction to proceed, except upon in-
dictment found as is the case in circuit courts when
causes are removed thither from the county courts un-
der the general law.  As was pointed out in *Clarke v.
State,* 46 Ala. 397, and in *Frost v. State,* 124 Ala. 71, 27
South. 550, on the removal of a criminal prosecution
from the county courts under the general law to circuit
courts, occasioned by a demand for trial by jury, indict-
ment becomes necessary to the jurisdiction of the last-
named courts, for the reason that no other method of
criminal proceeding in those courts is provided by stat-
ute.  The argument proceeds upon a phase of the stat-
ute to the exclusion of other plain provisions of the con-
text.  Trials by jury are provided for in all cases when
demanded.  And section 24 provides that all cases of
misdemeanors returned by justices of the peace—as was
the case here—to the county court of Clay shall be tried
upon the complaint of the solicitor, filed in the cause.

In this case the trial was had upon the original affi-
davit, importing thereby, as we apprehend, the adoption
by the solicitor of the affidavit as the state's complaint.
The case of *Jones v. State,* 149 Ala. 63, 43 South. 28,
must be distinguished from the case at bar by the fact
that the affidavit and warrant there were returnable be-
fore the magistrate.  Here the proceeding was in exact
pursuance of section 25 of the act creating the court.
Of the legislative power so to provide there is no ques-
tion.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., con-
cur.