(78 South. 460)

REESE v. STATE. (6 Div. 462.)

(Court of Appeals of Alabama. Feb. 26, 1918. Rehearing Denied April 2, 1918.)

1. CRIMINAL LAW ☞207(3) — WARRANT OF ARREST—AUTHORITY TO ISSUE.

By Loc. Acts 1915, p. 134, the judge of the inferior court of Bessemer is expressly authorized to issue a warrant for the offense of carrying concealed weapons returnable before the circuit court.

2. STATUTES ☞124(1)—TITLE.

The title to the Act of 1915, Loc. Acts 1915, p. 134, "To establish an inferior court in * * * lieu of all justices of the peace * * * and to define the jurisdiction and power of the court, and of the judge, clerk and other officers," was broad enough to include a provision fixing the fees of the officers, and therefore did not violate Const. 1901, § 45.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Patterson Reese was convicted of carrying concealed weapons, and he appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J. The defendant was arrested on a warrant issued by the judge of

the inferior court of Bessemer, established by act of the Legislature of 1915, Loc. Acts 1915, p. 134, which warrant was returnable to the fifth division of the circuit court of Jefferson county, and was based on an affidavit made before the judge of the inferior court charging the offense of carrying a concealed weapon, of which offense the inferior court did not have jurisdiction to try and determine.

[1] The question is raised and presented here that the circuit court had no authority to hear and determine the cause on the process. In support of this contention, we are cited the case of State v. Bush, 12 Ala. App. 309, 68 South. 492. That case was one in which a justice of the peace had issued a warrant returnable before the circuit court of Houston county, without authority of law, and this court properly held that the warrant was void. A very different question is presented here. The act creating the inferior court of Bessemer expressly empowers the judge of said court, in cases where he does not have final jurisdiction, to take affidavits and issue warrants to any court having final jurisdiction. The circuit court at Bessemer has final jurisdiction of the offense charged. Code 1907, § 6694. The Legislature having the authority to regulate prosecutions for misdemeanors, and having so provided, the circuit court had the power and authority to proceed on the process issued in accordance with such provision. Witt v. State, 130 Ala. 130, 30 South. 473.

[2] It is next insisted that the title to the act creating the inferior court of Bessemer is not broad enough to cover the fixing and providing for the fees of the officers of the court, and hence violates section 45 of the Constitution. The title to the act is as follows:

"To establish an inferior court in precincts 2 and 33 in Jefferson county, Alabama, said precincts lying within or partly within the city of Bessemer, in lieu of all justices of the peace in said precincts, and to define the jurisdiction and power of the said court, and of the judge, clerk and other officers thereof, and to provide for a place for holding the same."

Section 5 of the act provides:

"The fees and costs now allowed by law to justices of the peace, in said Jefferson county, shall be taxed and collected as now provided by law, etc."

This provision related to and was cognate to the subject, and therefore is valid. Ballentyne v. Wickersham, 75 Ala. 536; State ex rel. City of Mobile v. Board of R. R. Com'rs, 180 Ala. 489, 61 South. 368; McGehee v. State, 199 Ala. 287, 74 South. 374; Hails v. State, ante, p. 132, 75 South. 724; Windham v. State, ante, p. 383, 77 South. 963.

It is next insisted that the fees allowed this court are in violation of subdivision 21, § 104, of the Constitution. This question is expressly decided, adversely to appellant, in McGehee's Case, supra.

We find no merit in the contention of appellant that the bill was not properly advertised. A comparison of the act with the advertisement shown in the House Journal shows that the advertisement set out the entire bill.

There is no error in the record, and the judgment is affirmed.

Affirmed.