State, 141 Ala. 103, 37 So. 433; State v. Brintle, 207 Ala. 500, 93 So. 429; State v. Donaldson, 209 Ala. 400, 96 So. 617.

Upon reconsideration, however, we have reached the conclusion that by the weight of authority and sound reasoning as well, sales of this character by the property owner to the condemning party form an exception to the general rule. This upon the theory that such sales are in the nature of a compromise. The rule is well stated in 2 Lewis on Eminent Domain, 667, as follows:

"What the party condemning has paid for other property is incompetent. Such sales are not a fair criterion of value, for the reason that they are in the nature of a compromise. They are affected by an element which does not enter into similar transactions made in the ordinary course of business. The one party may force a sale at such price as may be fixed by the tribunal appointed by law. In most cases the same party must have the particular property, even if it costs more than its true value. The fear of one party or the other to take the risk of legal proceedings ordinarily results in the one party paying more or the other taking less than is considered to be the fair market value of the property. For these reasons such sales would not seem to be competent evidence of value in any case, whether in a proceeding by the same condemning party or otherwise."

See, also, Oregon R. R. Co. v. Eastlack, 54 Or. 196, 102 P. 1011, 20 Ann. Cas. 692, and note; Pac. Ry. v. Packing Co., 60 Or. 534, 120 P. 389, Ann. Cas. 1914A, 371, and note.

There is very respectable authority to the contrary (Curley v. Mayor, etc., 83 N. J. Law, 760, 85 A. 197, 43 L. R. A. [N. S.] 985, and note), but we conclude the rule as stated in Lewis on Eminent Domain, supra, is the better and safer guide in cases of this character. We are of the opinion, therefore, the court committed no error in sustaining objection to the question.

[2] The second assignment of error is not well taken. The question asked, did not call for an expression of opinion by the witness as to the amount of damages, but only as to whether or not there had been, in his opinion, any injury or damage to the remaining land. The case of S. A. L. R. R. Co. v. Brown, 158 Ala. 636, 48 So. 48, is therefore not applicable.

The question here under consideration bears analogy to that of Bragan v. B'ham Ry. Co., 163 Ala. 93, 51 So. 30, wherein it was held that the witness would be permitted to answer the question as to whether or not the rental value of the property had been injured.

[3] The court refused the following charge requested by the appellant:

212 ALA.—44

"I charge you, gentlemen of the jury, that the Alabama Power Company acquire no right to fence either side of the right of way involved in this case."

That no such right was acquired was expressly decided by this court in Alabama Power Co. v. Keystone Co., 191 Ala. 58, 67 So. 833, Ann. Cas. 1917C, 878, and that the charge asserts a correct proposition of law is not questioned by counsel for appellee. The insistence is that it was properly refused as abstract. An examination of the testimony discloses that a number of witnesses for the appellee base their opinion as to the damages of the remaining land upon the idea that this right of way divided one part of the land from the other—to use the expression of one of the witnesses, "cuts the land in two," and of another, "the right of way divides the land," and of still another that "the right of way cuts him off." The witness Hendon stated that his conclusion or opinion was rested on the idea that the condemning party, to use the language of the witness, "would have the right to fence that up and separate the land entirely." In view of this evidence, therefore, we are of the opinion that the charge was not abstract, and that its refusal cannot be rested upon this ground. This assignment of error, therefore, is well taken.

[4] Charge numbered 6, refused to the appellant, leaves out of consideration the timber which was destroyed by the appellant for a width of from 80 to 100 feet, and which was shown to be of substantial value. This, we think, justifies its refusal.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

(103 So 901)

**Ex parte Lum ROSEBERRY. (5 Div. 915.)**

(Supreme Court of Alabama. March 26, 1925. Rehearing Denied April 30, 1925.)

Certiorari to Court of Appeals.

Omar L. Reynolds, of Clanton, for petitioner. Harwell G. Davis, Atty. Gen., opposed.

MILLER, J. Petition of Lum Roseberry for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Roseberry v. State, 103 So. 898.

Writ denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.