(107 So. 926)

Burt MATHEWS v. STATE. (4 Div. 135.) (Court of Appeals of Alabama. Nov. 17, 1925. Rehearing Denied Jan. 12, 1926.) Appeal from Circuit Court, Dale County; J. S. Williams, Judge. C. O. Stokes, of Ozark, for appellant. Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State. Certiorari denied by Supreme Court in Mathews v. State, 214 Ala. 699, 107 So. 924.

SAMFORD, J. Defendant was convicted on a charge of possessing a still for the purpose of manufacturing whisky. It would serve no good purpose to enter into a detailed discussion of the evidence as disclosed by this record. The evidence for the state, if believed beyond a reasonable doubt, was sufficient upon which to base a verdict of conviction, and therefore the affirmative charge was properly refused. A review of the record discloses no error prejudicial to defendant's rights. On the contrary, it shows that the defendant has had a fair and an impartial trial according to the forms of law, and the judgment is affirmed.

---

(108 So. 925)

Roney MATHIAS v. STATE. (8 Div. 387.) (Court of Appeals of Alabama. April 20, 1926.) Appeal from Circuit Court, Madison County; O. Kyle, Judge. Possessing liquor. E. D. Johnston, of Huntsville, for appellant. Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. There is no bill of exceptions, and the only question presented by the record is the right of the clerk of the circuit court to issue the warrant of arrest returnable to the circuit court. The action of the lower court in holding this to be authorized by local statute is affirmed, on authority of Roseberry v. State, 20 Ala. App. 450, 103 So. 898; Reese v. State, 16 Ala. App. 430, 78 So. 460; Daniel v. State, 20 Ala. App. 677, 104 So. 920. The judgment is affirmed. Affirmed.

---

(108 So. 925)

Charlie MAURER, alias Meyers, v. STATE. (8 Div. 493.) (Court of Appeals of Alabama. May 25, 1926.) Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

BRICKEN, P. J. The defendant was convicted by the jury under the second count of the indictment, which charged him with the offense of unlawfully possessing a still, to be used for the purpose of manufacturing prohibited liquors, etc. The court fixed the minimum term of imprisonment in the penitentiary, and defendant appealed. The appeal is upon the record only, as there is no bill of exceptions. No error is apparent on the record; therefore the judgment of conviction appealed from is affirmed. Affirmed.

(106 So. 921)

Walter MAYO v. STATE. (6 Div. 777.) (Court of Appeals of Alabama. Jan. 12, 1926.) Appeal from Circuit Court, Walker County; R. L. Blanton, Judge. Violating prohibition law. Gray & Powell, of Jasper, for appellant. Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. The evidence was in conflict. The general charge was properly refused. There is no error in the record, and the judgment is affirmed.

---

(110 So. 923)

Will MAYS v. STATE. (1 Div. 710.) (Court of Appeals of Alabama. Nov. 16, 1926.) Appeal from Circuit Court, Mobile County; Saffold Berney, Judge. Distilling.

BRICKEN, P. J. Appeal dismissed on motion of appellant.

---

(106 So. 921)

Sam MEADOWS v. STATE. (3 Div. 525.) (Court of Appeals of Alabama. Jan. 19, 1926.) Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

RICE, J. From a judgment of conviction for the offense of violating the prohibition laws, appellant brings this appeal. There is no bill of exceptions, and no error in the record. The judgment is affirmed. Affirmed.

---

(110 So. 923)

Marshall MERRETT and Furman Merrett v. STATE. (4 Div. 200.) (Court of Appeals of Alabama. Nov. 9, 1926.) Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge. Second decree murder.

SAMFORD, J. Appeal dismissed.

---

(109 So. 926)

W. O. MERRILL v. STATE. (7 Div. 247.) (Court of Appeals of Alabama. June 29, 1926.) Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge. F. B. Embry, of Pell City, for appellant. Harwell G. Davis, Atty. Gen., for the State. Distilling.

BRICKEN, P. J. The judgment entry from which this appeal is taken is so patently erroneous no discussion is necessary. Upon authority of Wells v. State, 19 Ala. App. 403, 97 So. 681, and cases therein cited, on rehearing, this cause is reversed and remanded. Reversed and remanded.

---

(110 So. 923)

Cliff and Gregory MILLS v. STATE. (4 Div. 228.) (Court of Appeals of Alabama. Nov. 9, 1926.) Appeal from Circuit Court, Pike County; W. L. Parks, Judge. Assault to murder.

BRICKEN, P. J. Appeal dismissed.