(118 So. 265)

## COLLINS v. STATE.   (4 Div. 373.)

Supreme Court of Alabama.   March 29, 1928.

Rehearing Denied June 28, 1928.   As Modified
on Further Denial of Rehearing,
Oct. 25, 1928.

·Brassell & Brassell, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

### On Rehearing.

THOMAS, J.   █  1. There was no discontinuance of the prosecution in the law·court of Pike county before the transfer of this case to the circuit court, pursuant to the terms of the consolidáted court act.  Gen. Acts 1915, p. 279.  The due transfer of causes from the law court to the circuit court was provided by the act.  And no mere neglect of the justice of the peace on the issuance of the warrant or the failure of the sheriff to execute that process will operate as a discontinuance.  The authorities of this court are collected by Judge Foster in Roszell v. State, 19 Ala. App. 462, 98 So. 35.

██  2. Had there been a "discontinuance" —a gap or chasm in the proceedings after the suit or prosecution was pending—the voluntary act of defendant, appearing without due objection and pleading "not guilty" in the circuit court, was a waiver of any right of discontinuance, if such existed.  It is required of· one to make due insistence and "take advantage of his rights," at the proper time, and a failure so to insist "will be considered a waiver."  Ex parte Hall, 47 Ala. 675;  Hall v. State, 51 Ala. 9;  Clanton v. State, 96 Ala. 111, 113, 11 So. 299;  Snyder v. State, 18 Ala. App. 188, 90 So. 40;  Jones v. State, 16 Ala. App. 477, 478, 79 So. 151.

██  3. Under the provisions of the Constitution, the Legislature has the right to pass laws dispensing with a grand jury in case of misdemeanors.  Const. § 8;  Gaines v. State, 215 Ala. 362, 110 So. 601;  Harris v. State, 215 Ala. 56, 58, 109 So. 291;  Witt v. State, 130 Ala. 129, 30 So. 473;  Roseberry v. State, 20 Ala. App. 450, 103 So. 898.  That is to say, the Legislature had full power to regulate the trial of misdemeanors in a particular county, and to that end provide that, where prosecution for misdemeanors is begun by affidavit in the inferior court, upon demand for a jury, the case be transferred to the circuit court for such jury trial upon the complaint as made by affidavit and without action by the grand jury.  In the Witt Case, supra, it is said:

"To so enact was fully within the power of the Legislature. The present Constitution, different in this respect from the Constitutions prior to that of 1865 (Thomas v. State, 107 Ala. 61 [17 So. 941]), excepts misdemeanors from its prohibition against proceeding criminally by information for indictable offenses, by providing that in cases of misdemeanors 'the General Assembly may by law dispense with a grand jury, and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established.' Const. § 9, art. 1. The first clause of this proviso, giving power to dispense with a grand jury, is general, and applies to circuit courts, as well as other courts."

The proviso to section 8 of the Constitution of 1901 is the same, in respects here material, as that in section 9, art. 1, Const. of 1875, construed in the Witt Case. See, also, State v. Bush, 12 Ala. App. 309, 68 So. 492.

Since the Legislature could enact, as was done for Madison county, and sustained in Gaines v. State, supra, to the end that the clerk of the circuit court could issue an affidavit for misdemeanor returnable to and for trial in the circuit court, so may a justice of the peace, as was done in Pike county, be authorized to issue warrant for a misdemeanor, returnable to the law court for trial, and, after the abolition of that court, cases pending therein were made transferable to the circuit court. The jurisdiction of the circuit court was, therefore, properly sustained by the Court of Appeals, within the express provisions of special and general enactments of the Legislature, without doing violence to organic law. There was a provision of law for the initiation of the prosecution by affidavit, returnable to the law court of Pike county in Acts of 1888-89, p. 631, and after the abolition of such court for the transfer of pending causes to the circuit court. Gen. Acts 1915, p. 279.

In preparing the foregoing, it was thought unnecessary to do more than cite the cases of Witt v. State and Gaines v. State, supra, from this court, and those of Roseberry v. State and State v. Bush, supra, from the Court of Appeals, collecting and discussing the Constitution, statutes, and our cases. However, there is a conflict in our decisions, requiring a careful consideration of our cases that have a bearing on the question presented for decision. The cases cited by petitioner are:

Clark v. State, 46 Ala. 307, where the necessity for indictment in cases sent from the county court to the circuit court grew out of the fact that an indictment was the only mode provided by the statute for attaching the jurisdiction of the circuit court to such misdemeanor. The same observation was made in Frost v. State, 124 Ala. 71, 27 So. 550, and it was further stated that:

"There is no constitutional restriction upon the legislative power to dispense with indictments in cases of misdemeanors."

And the statutes authorizing the trial of misdemeanors without a jury are adverted to in Baader v. State, 201 Ala. 76, 78, 77 So. 370.

In Jones v. State, 149 Ala. 63, 43 So. 28, the affidavit was pursuant to the law before a justice of the peace and returnable to that official; hence the Walker law and equity court had no jurisdiction to try the case until indictment found, under defendant's demand for a jury trial or upon appeal after his trial in the justice court. The case did not get before the law and equity court under either of said methods provided by law, but on his demand for a jury trial was placed upon the trial docket for disposition upon the affidavit and warrant, and defendant duly objected, by way of demurrer and motion, to being tried until indictment was preferred, and this court sustained his insistence under the statute (section 4636 of the Code of 1896, and Acts of 1900, p. 112), giving the right of the Walker county law and equity court to try *all misdemeanors* (1) *upon affidavit made before the judge of said court;* or (2) upon affidavit made before a *magistrate where* the process is returnable to the law and equity court; (3) and upon indictments. Hence the law and equity court was without jurisdiction to proceed, where the process was *returnable* to the issuing magistrate's court and came to the latter by a demand for a jury and indictment.

The case of Lewis v. State, 160 Ala. 121, 49 So. 753, commenced in the mayor's court for misdemeanor, under the city ordinance, appealed to the circuit court, where the solicitor by complaint changed the charge to that of a *violation* of a statute of the state, held no authority of law for such procedure and radical departure in the circuit court. It is obvious that in such a case he could not be put upon trial for the violation of a statute of the state against his due objection, when he had not been duly charged (indicted) on his appeal to the circuit court.

In the case of Smith v. State, 165 Ala. 122, 124, 125, 51 So. 602, 603, defendant was tried for misdemeanor in the county court of Clay, upon affidavit and warrant sworn out before a justice of the peace, *made returnable into the county court;* he demanded a jury, and the issue of his guilt was submitted to a petit jury. In his appeal to this court, he renewed his complaint that the trial was illegal, in that it was "without an indictment found." Mr. Justice Sayre observed:

"By the Constitution it is provided that in cases of misdemeanor the Legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established. * * *

"As was pointed out in Clark v. State, 46 Ala. 307, and in Frost v. State, 124 Ala. 71, 27 South. 550, on the removal of a criminal prosecution from the county courts under the general law to circuit courts, occasioned by a demand for trial by jury, indictment becomes necessary to the jurisdiction of the last-named courts, for

the reason that no other method of criminal proceeding in those courts is provided by statute. * * * And section 24 provides that all cases of misdemeanors returned by justices of the peace—as was the case here—to the county court of Clay shall be tried upon the complaint of the solicitor, filed in the cause.

"In this case the trial was had upon the original affidavit, importing thereby, as we apprehend, the adoption by the solicitor of the affidavit as the state's complaint."

Petitioner's counsel ask: How could the circuit court of Pike county proceed to trial of petitioner without violating his constitutional right, safeguarded under section 7 of the Constitution? The answer is that he was accused, arrested, and detained in a case or for an offense against the criminal laws of the state, established and promulgated prior to the offense, and legally applied according to the form which the law has prescribed, by the affidavit and warrant returnable to the Pike county law court, that of the abolition of said court and the due transfer to the circuit court of all pending causes.

This observation of section 7 of the Constitution makes necessary its consideration with sections 8, 139, 143, of the Constitution. In section 143 is the provision that the circuit court shall have original jurisdiction in all matters, civil and criminal, within the state not otherwise excepted in this Constitution. The like provision is contained in section 6676, Code, to the effect that the circuit court exercises "original jurisdiction of all felonies and misdemeanors." Phillips v. Morrow, 213 Ala. 139, 104 So. 260, 40 A. L. R. 285. By section 139 of the Constitution is vested the judicial power of the state in the several courts or tribunals enumerated, of which is the circuit court, courts of law and equity, inferior to the Supreme Court, and in "such persons as may be by law invested with powers of a judicial nature," etc. Under this last-quoted phrase of section 139 the Legislature has invested in circuit clerks, state tax commission, commissioners, juvenile and other inferior courts, and judges thereof, "powers of a judicial nature." Gaines v. State, 215 Ala. 361, 110 So. 601; Ex parte Pruitt, 207 Ala. 261, 92 So. 426; State ex rel. Winter v. Sayre, 118 Ala. 1, 24 So. 89; State Tax. Com. v. Bailey et al., 179 Ala. 620, 60 So. 913; State ex rel. Vandiver v. Burke, 175 Ala. 561, 567, 57 So. 870.

And in the exercise of this right the Legislature, as affecting Madison county, vested the "power of a judicial nature" to issue warrants in misdemeanors, etc., in the clerk of the circuit court. Since that act (Local Acts 1919, p. 17) misdemeanants have been tried and convicted in that county by the circuit court, upon warrants issued by its clerk, and without indictment by the grand jury. Gaines v. State, 215 Ala. 361, 110 So. 601; Id., 21 Ala. App. 579, 110 So. 600; Daniel v. State, 20 Ala. App. 677, 104 So. 920; Mathias v. State, 21 Ala. App. 685, 108 So. 925.

In Chilton county, by Local Acts 1923, p. 64, the county court was abolished, provision made for the transfer of all pending causes to the circuit court, and that act further provided that misdemeanor cases may originate by affidavit before the clerk of the circuit court, returnable to the circuit court. This statute was sustained in Roseberry v. State, 20 Ala. App. 450, 103 So. 898, and held not offensive to sections 7 and 8 of the Constitution and as being authorized under section 139 of the Constitution. This ruling by the Court of Appeals was affirmed in Ex parte Roseberry, 212 Ala. 689, 103 So. 901; and since then misdemeanants have been tried upon warrants issued by the clerk of the circuit court and convicted in the circuit court, without indictment by a grand jury of Chilton county.

Under the act of 1915 (Local Acts 1915, p. 134) the judge of the inferior court of Bessemer was authorized to issue affidavits in certain misdemeanors, returnable to the circuit court of that division of said court, and there try on that authority and process without indictment. The same has been approved by the appellate court. Reese v. State, 16 Ala. App. 430, 78 So. 460; Fason v. State, 19 Ala. App. 533, 98 So. 702; Roseberry v. State, 20 Ala. App. 450, 103 So. 898. Like provisions, jurisdiction, and powers are contained in other laws applicable to certain precincts of Jefferson county. Terry's Laws, p. 456 (later extended to the whole county); Local Acts of 1919, pp. 121–130. Procedures in the circuit court upon affidavits in misdemeanor cases, without the finding of indictment by the grand jury, in Jefferson county, have no doubt aggregated many thousands.

The provisions of section 4646, Code of 1923, codified from the prohibition law of 1909 (Acts 1909, p. 92, § 32), and Acts 1915, pp. 8, 32, for prosecutions by affidavit, as well as by indictment, in prohibition cases, are:

"All prosecutions for a violation of any provision of this chapter, or of any other law, for the suppression of the evils of intemperance, may be begun by affidavit as well as by indictment and when begun by affidavit, the person charged shall not have the right to demand that a grand jury prefer an indictment for the alleged offense, except where such offense is a felony, but the prosecution may continue no matter in what court or before what judge the trial shall be had upon the affidavit upon which it was originally begun."

It is upon such a statute (Fuller Bill, Gen. and Local Acts, Sp. Sess. 1909, p. 63, § 32) that in Alford v. State ex rel. Attorney Gen., 170 Ala. 223, 225, 226, 228, 54 So. 213, Ann. Cas. 1912C, 1093, and in Connelly v. State, 60 Ala. 89, 31 Am. Rep. 34, and Thomas v. State, 107 Ala. 61, 17 So. 941, it was declared generally that the Legislature could deprive a misde-

meanant of the right to be indicted by a grand jury, but not to the insistence of trial by a petit jury. And it is further established that the right to trial by a petit jury may be waived as to misdemeanors in Connelly v. State, supra; Baader v. State, 201 Ala. 76, 77 So. 370; Walker v. State, 17 Ala. App. 3, 81 So. 179. And many cases have followed this construction of the Constitution by Judge Stone in Connelly's Case, supra. The foregoing provisions of section 4646, Code, and other like statutes, are rested upon such decision in Connelly v. State, 60 Ala. 89, 31 Am. Rep. 34, that of Thomas v. State, 107 Ala. 61, 17 So. 941, and that of Judge Sharpe in Witt v. State, 130 Ala. 129, 30 So. 473, and Alford v. State ex rel. Atty. Gen., supra.

As we have stated, the instant petitioner was proceeded against by affidavit, for the offense of violating the prohibition law, issued by the justice of the peace, and returnable before that officer, and there was also a formal complaint in that court to like effect; thereafter a warrant of arrest was issued thereon by the clerk of the circuit court, after abolition of the former court and transfer by law of this and all other pending causes to the circuit court, as a pending cause within the abolition statute. The defendant was given the right to a trial by the petit jury in the circuit court, returning the verdict of guilty against him, on which judgment was rendered and the appeal is prosecuted therefrom. If he had been tried in the Pike county law court, and appealed to the circuit court, he could have secured only a trial de novo; and this he had by a petit jury finding him guilty. State ex rel. Sellers v. Murphy, 207 Ala. 290, 292, 92 So. 661.

The provisions of section 8 of the Constitution of 1901 come to us, in respects here material, from article 1, § 9, of the Constitution of 1875. The latter provision of organic law was defined as to the use of the word "misdemeanor" in Witt v. State (1900) 130 Ala. 129, 30 So. 473, which was rested upon the decision of Thomas v. State, 107 Ala. 61, 17 So. 941, showing the change from the Constitution of 1861 to that of 1865, authorizing prosecutions for misdemeanors without indictment, when authorized by the Legislature. With that construction placed on the word "misdemeanor," the provision was carried into the Constitution of 1901 as section 8; and under it many legislative enactments have been given application in the courts administering the criminal laws of the state and in the several counties thereof.

The expressions in Lee v. State (1904) 143 Ala. 93, 97, 39 So. 366, Lewis v. State (1909) 160 Ala. 121, 49 So. 753, and Larkin v. Simmons (1908) 155 Ala. 273, 46 So. 451, if to contrary view, were after the adoption of such construction as section 8 of the Constitution, and these cases took no account of Witt v. State, 130 Ala. 129, 30 So. 473. We further note that the expressions in these cases were before the enactment of the several statutes to which we have adverted, making misdemeanors triable in circuit courts on affidavits returnable to said court, without the intervention of a grand jury.

Following such construction of section 8 of the Constitution as to misdemeanors, many statutes have been passed, as we have indicated, making process by affidavit, for misdemeanors, returnable and triable in the circuit court without the intervention of a grand jury. It is immaterial whether the issuing officer is the judge of an inferior court, a justice of the peace, or a clerk of the circuit court; the principle announced in Witt's Case has application. It is sufficient that the official is a person duly invested with the power by the Legislature under section 139 of the Constitution, as "such (a) person as may be by law invested with powers of a judicial nature," and that the defendant had his right to trial by a petit jury. See Gaines v. State, 215 Ala. 361, 110 So. 601. The case of Larkin v. Simmons (1908) 155 Ala. 273, 46 So. 461, in so far as it conflicts with Witt v. State, supra, is hereby modified or overruled. The decision in Lewis v. State, 160 Ala. 121, 49 So. 753, and other cases adverted to, are not in conflict with that of Witt v. State, supra. This opinion by Judge Sharpe, immediately preceding the Constitution of 1901, is hereby approved.

The writ of certiorari is denied, and the application for rehearing is overruled.

ANDERSON, C. J., and SAYRE, GARDNER, and BOULDIN, JJ., concur.

BROWN, J. (dissenting). The petitioner was proceeded against criminally in the circuit court of Pike county for an indictable offense, without the indictment of a grand jury, on an affidavit made before a justice of the peace, by one R. E. McClure, a private citizen, alleging "on oath that he has probable cause for believing, and does believe, that in Pike county, within 12 months before the making of this affidavit, Willis Collins did sell, or offer for sale, keep or have in his possession for sale, barter, exchange, give away, furnish at a public place or elsewhere, or otherwise dispose of vinous, spirituous, or malt liquors contrary to law, against the peace and dignity of the state of Alabama," and was convicted, and from the judgment of conviction he appealed to the Court of Appeals, where this judgment was affirmed.

The circuit court proceeded in the exercise of its original, and not in the exercise of appellate, jurisdiction, and the sole question presented here is: Can this proceeding receive the stamp and approval as being "due process of law," within the meaning of the Constitution, which secures the individual against the arbitrary action of the state and its legally constituted authorities? Constitution 1901, §§

254

6, 7, 8, 13; Spooney v. State (Ala. Sup.) 115 So. 308.[1] In Ex parte Rhodes (Rhodes v. McWilson), 202 Ala. 68, 79 So. 462, 1 A. L. R. 568, it was said:

"When the people of this state, through their representatives, met in convention to form this state government, they reserved to themselves and their descendants and successors certain rights, liberties, privileges, and immunities, which they did not surrender or cede to the government to be created by the convention. They also exacted guaranties of the government so formed to protect each person in the state, and secure to him the enjoyment and exercise of these rights, liberties, privileges, and immunities, so reserved against encroachment or destruction thereof by other persons, whether majorities or minorities of the whole, or officers of any department of the government itself. Some, but not all, of these rights, liberties, privileges, and immunities, are enumerated in the Bill of Rights, which comprises the first 36 sections of our Constitution. That all this is true is obvious from a reading of the last two sections of the Bill of Rights, as follows:

" 'Sec. 35. That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property, and when the government assumes other functions it is usurpation and oppression.

" 'Sec. 36. That this enumeration of certain rights shall not impair or deny others retained by the people; and, to guard against any encroachments on the rights herein retained, we declare that everything in this declaration of rights is excepted out of the general powers of government, and shall forever remain inviolate.' "

Section 7 of the Bill of Rights declares:

"That no person shall be accused or arrested, or detained, except in cases ascertained by law, and *according to the form* which the same has prescribed," etc.

And section 8:

"That no person shall, for *any indictable offense,* be proceeded against criminally, *by information,* except in cases arising in the militia and volunteer forces when in actual service, or when assembled under arms as a military organization, or, by leave of the court, for misfeasance, misdemeanor, extortion, and oppression in office, otherwise than is provided in the Constitution: Provided, that in cases of misdemeanor, the Legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before *justices of the peace or such other inferior courts as may be by law* established."

This is a clear limitation on the power of the Legislature to prescribe procedure, as well as on the power of the circuit courts to proceed. The majority opinion justifies the proceeding on the authority of Witt v. State, 130 Ala. 129, 30 So. 473.

It is only necessary to observe that the circuit court is a creature of the Constitution, and is a nisi prius court of general jurisdiction of the highest dignity, to demonstrate the proviso in this section of the Constitution authorizing the Legislature to dispense with a grand jury and authorize a procedure by information for misdemeanors "before justices of the peace or such *other* inferior courts as may be by law established," has no application to the circuit court. It is equally as clear that the clause in the first part of this section—"for misfeasance, *misdemeanor,* extortion, and oppression in office"—does not relax the restrictions in cases of misdemeanors generally, but only as to *misdemeanors in office,* and has reference to impeachment proceedings.

This clearly demonstrates that the opinion in Witt v. State, 130 Ala. 129, 30 So. 473, holding that "the first clause of this proviso giving [the Legislature] power to dispense with a grand jury is general, and applies to circuit courts as well as other courts," is unsound. In fact, there is but one proviso in this section, and it is confined to justices of the peace and other like courts, and, as above shown, the exception in the general restriction and limitation only applies to *misdemeanors in office.*

In Larkin v. Simmons, 155 Ala. 273, 46 So. 451, where the question was fully considered, it was held that:

"By section 8 of the same instrument [the Constitution] the original jurisdiction of [the circuit] court in criminal cases is limited to cases in which indictments are preferred."

See, also, Clark v. State, 46 Ala. 311.

An indictment is more than a mere accusation based on probable cause. It is an accusation based upon legal testimony of a direct and positive character, and the concurring judgment of at least 12 grand jurors duly impaneled as a part of the court and acting under oath to "diligently inquire, and true presentment make, of all indictable offenses given you in charge, as well as those brought to your knowledge, committed or triable within the county," and to "present no person from envy, hatred or malice, nor leave any one unpresented from fear, affection, reward, or the hope thereof," that on the evidence presented to the grand jury the accused is guilty of the offense charged in the indictment. Code 1923, § 8666; People v. Tinder & Smith, 19 Cal. 539, 81 Am. Dec. 77.

The clear and manifest purpose of section 8 of the Constitution was to guarantee the individual citizen that he shall not be brought to trial and proceeded against criminally in the circuit court of the state, where the trial on the facts is final, until his case is investigated by a grand jury and an indictment returned against him, and to prohibit such proceeding on the mere oath or affirmation of an individual that he has probable cause to believe and does believe that the accused is guilty.

---

[1] 217 Ala. 219.

The integrity of the Constitution, in a large degree, is committed by that instrument into the keeping of this the highest court of the state, and arguments based on mere expediency, or the fact that it has been misinterpreted or disregarded by this court, or by the Legislature, is no reason why this court should perpetuate its error and continue to disregard it. There are but two decisions of this court pertinent to the question in hand, both in point, and they are in direct conflict.

It is my opinion that Larkin v. Simmons, supra, correctly interprets and declares the effect of section 8 of the Constitution, and that case should be followed, and that Witt v. State, supra, should be overruled, and for this reason I respectfully dissent.

SOMERVILLE, J., concurs in the foregoing dissent.

