# *Ex parte* Dunklin.

*Application for Mandamus in matter of Habeas Corpus.*

72   241
117  161;

1. *Proceedings before justice of the peace, under warrant of arrest.* When a person is arrested on a charge of vagrancy, or other offense of which a justice of the peace has jurisdiction (Code, § 4628), and brought before a justice for trial, it is the duty of the justice, unless the defendant demands a trial by jury, "to determine both the law and the facts, and award the punishment which the law may demand" (§ 4697); but, if the defendant demands a trial by jury, the justice has no jurisdiction to try him, but is required to bind him over to appear at the next term of the Circuit (or City) Court, to answer the charge (§ 4695), and, on his failure to give bond as required, to commit him to the county jail until the next term of said court.

[Ex parte Dunklin.]

2. *Habeas corpus; who not entitled to.*—A person who is in the county jail, under a *mittimus* issued by a justice of the peace, before whom he was brought on a charge of vagracy, and, demanding a trial by jury, was required to give bond for his appearance at the next term of the Circuit Court, and committed to jail on failing to give such bond, is not entitled to the writ of *habeas corpus.*

In this case, Prince Dunklin applied by petition and motion to this court for a writ of *mandamus*, to be directed to Hon. Jona. Haralson, the presiding judge of the City Court of Selma, commanding him to issue a writ of *habeas corpus* as prayed by the petitioner, to inquire into the legality of his imprisonment in the county jail of Dallas. The petition, with the accompanying papers, alleged and showed that, on the 27th March, 1883, the petitioner was arrested on a charge of vagrancy in abandoning his family, on a warrant issued by a justice of the peace, founded on an affidavit made by Jincey Dunklin, his wife; that "when brought before the justice for trial, and before any trial proceedings had been commenced, petitioner demanded a trial by jury;" that said justice thereupon, "without any examination of witnesses or other evidence," as the petition alleged, required him to enter into bond in the sum of $100, with two good sureties, conditioned for his appearance at the next term of the Circuit Court of Dallas county to answer the charge, and committed him to jail on his failure to give such bond; that the petitioner then applied to Judge Haralson for a writ of *habeas corpus*, contending that he was illegally restrained of his liberty; and that the writ was refused by Judge Haralson. The *mittimus* of the justice was addressed to the jailor, and in these words: "Prince Dunklin, charged with the offense of vagrancy in abandoning his family, demands a jury; you are therefore commanded to receive him into your custody, and detain him until he is legally discharged by law." A copy of this *mittimus* was made an exhibit to the petition for the writ of *habeas corpus;* and a copy of that petition, with the refusal of Judge Haralson to grant the writ, was made an exhibit to the petition to this court. The proceedings had before the justice are only shown by the allegations of the petition.

B. F. Saffold, for the petitioner.

STONE, J.—The offense with which the prisoner was charged is a misdemeanor, and the statute confers on justices of the peace jurisdiction to try and punish persons guilty of the offense, unless, before entering on the trial, the accused demands a trial by jury.—Code of 1876, §§ 4628, 4696. And on such trial the justice "must determine both the law and the facts, without the intervention of a jury, and award the pun-

ishment which the offense may demand."—*Ib.* § 4697. If convicted, the defendant has the right of appeal.—*Ib.* § 4700. Now, all these provisions relate to cases where the offender is brought before the justice, not for preliminary examination, but for final trial and judgment of guilty or not guilty. The justice, for such trials, is constituted a criminal court of *oyer and terminer*, with jurisdiction concurrent with that of the County Courts.—*Ib.* § 4628. If, when brought before the justice, the accused desires it, he may demand a trial by jury in the first instance; and if he does, the jurisdiction of the justice to determine the law and facts is at an end.—*Ib.* § 4695. The statute defines what is then the duty of the justice. He must require the accused "to enter into bond, with good sureties, conditioned for his appearance at the next term of the Circuit or City Court of the county, to answer the charge; and, failing to give such bond, must be committed to the county jail," &c. This is a complete and entire system within itself, independent of, and different from preliminary proceedings before a justice as a committing magistrate.—*Sale v. The State,* 68 Ala. 530. When a jury trial is claimed in such case, the justice hears no testimony, and pronounces no judgment on the probabilities of the defendant's guilt. He performs his whole duty, when he fixes the penalty, and approves the bond; or, failing to obtain it, commits the accused to prison for safe custody. This commitment is not as punishment, but to secure the appearance of the defendant to answer the charge to be preferred against him. It is not unlike the proceeding when one, brought up for preliminary trial, obtains an adjournment of the hearing until a later day, on account of absent witnesses, or for some other cause; or, perchance, the continuance may be granted at the instance of the State. In either case, the accused, if he desire his liberty, can not complain of an order requiring him to give bond for his appearance, and, failing, that he remain in custody. And yet all this takes place before any testimony is heard. Code, § 4673. See, as to preliminary proceedings before a magistrate, Chapter 4, Title 3, Part 5, commencing with section 4647 of the Code.

There neither had been, nor could there have been, any preliminary examination in this case. The demand of a jury trial had precluded such examination, till the session of the Circuit or City Court at which the accused was required to appear.

In support of the petition, we are referred to *Ex parte Mahone,* 30 Ala. 49; *Ex parte Burnett, Ib.* 461; and *Ex parte Champion,* 52 Ala. 311. In each of those cases, there had been a preliminary examination and commitment by a magistrate. Neither of those cases is an authority against the views expressed above. The case *Ex parte State, ex rel. Brooks,*

51 Ala. 60, shows nothing bearing on the subject presented by this record.

The petitioner shows no right to the writ of *habeas corpus*, and the prayer of his petition must be refused.

Motion denied.