# Wiley v. The State.

*Prosecution for using Abusive, Obscene or Insulting Language in the Presence of a Female.*

1. *Jurisdiction of inferior courts created by statute; how acquired.* The jurisdiction of an inferior court of record created by statute and of limited jurisdiction, can not be called into exercise without pursuing the mode, or in any other than the manner, prescribed by the law of its creation ; and the proceedings and judgments of such court are mere nullities, unless there is a compliance in the acquirement of jurisdiction and in the course of its proceedings with all the statutory requirements pertaining thereto.

2. *Criminal court of Pike county; how jurisdiction acquired.*—The criminal court of Pike county, being in its character and constitution an inferior court of record, limited in jurisdiction, its jurisdiction can not be called into exercise without pursuing the mode prescribed by the statute creating it (Acts of 1888–89, p. 631; Acts of 1890–91, p. 391); and the judgment of such court will not be sustained on appeal, unless the record shows affirmatively the existence of all jurisdictional facts, and a compliance in the course of its proceedings with all the statutory requirements.

3. *Same; want of jurisdiction of prosecution commenced before a justice of the peace; case at bar.*—Where a prosecution for a misdemeanor is commenced by the making of a complaint to a justice of the peace in Pike county, and upon the defendant's being brought before the justice, in obedience to the warrant which was concurrently issued by the justice upon the making of the complaint, and demanding a trial by jury, he was required to give bail for his appearance at the next term of the criminal court of Pike county, such proceeding is not sufficient to give the criminal court jurisdiction; and the proceedings in the trial of the defendant in such case in the criminal court and the judgment rendered therein are mere nullities.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. E. B. WILKERSON.

The facts of the case are sufficiently stated in the opinion.

D. A. BAKER, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

[Wiley v. The State.]

BRICKELL, C. J.—The record presents a singular and rather involved course of proceedings. On the 18th day of July, 1894, complaint was made before a justice of the peace, charging that there was probable cause to believe the defendant had committed the misdemeanor of using abusive, obscene, or insulting language in the hearing of a female.—Criminal Code, 1886, § 4031; Criminal Code, 1896, § 4306. Upon the complaint, a warrant of arrest was issued, returnable before the justice. The warrant was not executed until the 2d day of June, 1895, and on the 8th day of that month, the defendant was taken before the justice, and, demanding a trial by jury, was required to give bail for his appearance at the next term of the criminal court of the county of Pike. The bail was given, and there is a chasm in the proceedings until the 14th day of June, 1897, when the clerk of the circuit court of the county issued a writing, directed to any sheriff of the State, reciting that the justice of the peace had issued a warrant against the defendant for using abusive language, commanding his arrest, and that he be committed to jail, unless he gave bond. Upon this paper the sheriff of the county made return in these words: "Executed by arresting the defendant and committing to jail, this 18th day of June, 1897." On the next day, the sheriff accepted bond from the defendant for his appearance at the next term of the criminal court of Pike county. At the next term of that court, the defendant appeared and moved a dismissal of the case for want of jurisdiction in the court, which motion was overruled; and he then demurred, because the complaint (the affidavit made before the justice of the peace), did not conclude "against the peace and dignity of the State of Alabama," which was overruled.

A trial was then had before a jury on issue joined on the plea of not guilty; a verdict of guilty was rendered by the jury, followed by a judgment of conviction. The defendant moved in arrest of judgment because of want of jurisdiction in the court; the motion was overruled, and from the judgment of conviction the appeal is taken.

The criminal court of Pike county, is an inferior court of record, created by statute, limited in jurisdiction to misdemeanors.—Pamph. Acts, 1888–89, pp. 631–36;

Pamph. Acts, 1890–91, pp. 391–94. All indictments for misdemeanors found by the grand jury, a constituent of the circuit court for the county, are transferred to the criminal court for trial, and on the transfer being made as the statutes prescribe, the jurisdiction of the court attaches and the jurisdiction of the circuit court ceases. Original prosecutions are to be instituted or commenced in the court, as the like prosecutions are commenced in the county courts. And in the county courts such prosecutions are commenced by an affidavit in writing, and the issue of a warrant of arrest. The affidavit being made before the judge of the court, or a justice of the peace of the county, stating that the affiant has probable cause for believing, and does believe that a designated misdemeanor has been committed in the county by the person named as defendant; and thereupon the judge or justice issues the warrant of arrest, the form of which is prescribed.—Criminal Code, 1886, §§ 4204–05; Criminal Code, 1896, §§ 4600–01. From all judgments of convictions for misdemeanors by justices of the peace, an appeal will lie to the criminal court; and in all cases, the court is required to conform to the practice and rules of procedure of the circuit courts of the State.

The jurisdiction of the court lies dormant, unless it is quickened into exercise by the transfer of indictments from the circuit court; or by an affidavit and warrant of arrest corresponding to that on which the original jurisdiction of the county court depends; or by an appeal from a judgment of conviction of a misdemeanor rendered by a justice of the peace; these are the sources, and the only, the exclusive sources of the jurisdiction. From its character and constitution, as with all other courts or tribunals of statutory creation and limited jurisdiction, its judgment can not be supported, unless the record shows affirmatively all jurisdictional facts, and a compliance in the course of its proceedings with all statutory requirements.—1 Bishop New Cr. Procedure, § 722. The unquestionable jurisdiction and admitted powers of such courts, or tribunals, can not be called into exercise, without pursuing the mode, or in any other than the manner prescribed by the law of their creation.—1 Smith Lead. Cases, (8th ed.), 1107.

The proceedings in this case, were commenced by the complaint made to the justice of the peace and the war-

[Wiley v. The State.]

rant of arrest concurrently issued; the warrant commanding that the defendant be brought before the justice. The misdemeanor charged, is not one of the enumerated misdemeanors of which a justice of the peace has final jurisdiction concurrent with that of the county court.—Cr. Code of 1886, § 4233; Cr. Code of 1896, § 4630. If the justice had been vested with jurisdiction, as he manifestly supposed, to render judgment final of conviction or of acquittal, the defendant demanding a trial by jury, the duty of the justice, and the only authority he could exercise, was, to take from the defendant, bond with sureties, conditioned for his appearance at the next term of the circuit or city court of the county to answer the charge; and if he failed to give such bond to commit him to jail until the next term of such court, unless he elected in the meantime to perform hard labor for the county as provided by statute. Cr. Code of 1886, § 4238; Cr. Code of 1896, § 4636; *Ex parte Dunklin*, 72 Ala. 241; *Ex parte Pruitt*, 99 Ala. 225. The criminal court is not the circuit court to which the statute refers, nor is it a city court within the contemplation of the statute. The connection in which the statute employs the words circuit or city court, manifest that thereby courts of coequal and concurrent criminal jurisdiction are intended—courts of which grand and petit juries are constituents. The case was not carried into the criminal court in any of the modes by which its jurisdiction could be put in exercise, and all of the proceedings therein are mere nullities.

The judgment of conviction must be reversed, and as the offense with which the defendant is charged, has long since been barred by the statute of limitations, a judgment will be here rendered that he go hence discharged.

Reversed and rendered.