(79 South. 312)

SANDERS v. STATE. (6 Div. 486.)

(Court of Appeals of Alabama. May 28, 1918. Rehearing Denied June 11, 1918.)

1. CRIMINAL LAW ⟐98—JURISDICTION OF PERSON—DEMURRER TO AFFIDAVIT.

The question of the circuit court's jurisdiction of the person to try on an affidavit and warrant issued by a justice of the peace and made returnable direct to the circuit court cannot be raised by demurrers to the affidavit.

2. CRIMINAL LAW ⟐105—JURISDICTION OF PERSON—WAIVER.

The question of jurisdiction of the person, not being raised by proper plea, is waived.

3. CRIMINAL LAW ⟐218(2) — WARRANT — RETURN TO CIRCUIT COURT.

In the absence of statutory authority, a justice of the peace cannot issue a warrant returnable to the circuit court.

4. CRIMINAL LAW ⟐105—JURISDICTION OF PERSON—WAIVER OF OBJECTION.

The issuing of warrant by a justice of the peace returnable to the circuit involves jurisdiction of the person, question as to which is waived by absence of proper plea.

5. INDICTMENT AND INFORMATION ⟐132(3) —SEPARATE COUNTS—VIOLATION OF PROHIBITION—PROOF OF SEVERAL SALES.

More than one sale can be proved on prosecution for violation of the prohibition law (Acts 1915, p. 31, § 30), providing the indictment or affidavit may set out several charges in separate counts, and that defendant may be convicted and punished on each.

6. INDICTMENT AND INFORMATION ⟐132(3) —ELECTION BETWEEN ACTS CHARGED.

The doctrine of election has no application where on prosecution for violation of the prohibition law the affidavit sets out several sales in separate counts, as authorized by Acts 1915, p. 31, § 30.

7. INTOXICATING LIQUORS ⟐146(4) — PROHIBITION LAW—LOANS.

A loan of beer is a violation of the prohibition law.

8. CRIMINAL LAW ⟐830 — INSTRUCTIONS —REQUESTS BAD IN PART.

Requested charge "that under no evidence in the case has the state made out counts 2, 3, 4, 5, 6, 7, and 8 of the complaint, and you cannot convict" thereunder, is properly refused; there being evidence authorizing conviction under some of them.

9. INDICTMENT AND INFORMATION ⟐203 — GENERAL VERDICT—GOOD AND BAD COUNTS.

A general verdict of guilty will be referred to any good count in the complaint.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Jane Sanders was convicted of violating the prohibition law, and she appeals. Affirmed.

The following charges were refused to defendant:

(1) The court charges the jury that under no phase of this evidence can you convict defendant, unless you are convinced beyond all reasonable doubt that defendant sold the beer to the witness.

(2) The court charges the jury that under no evidence in this case has the state made out counts 2, 3, 4, 5, 6, 7, and 8 of the complaint or affidavit and you cannot convict defendant under such count.

Pinkney Scott, of Bessemer, for appellant. F. Loyd Tate, Atty. Gen., for the State.

BRICKEN, J. [1-4] The affidavit upon which this defendant was tried in the circuit court of Jefferson county, Bessemer division, contained eight counts charging the violation of the prohibition law in its several phases, and was not subject to the demurrers interposed. The demurrers undertook to raise the question of the jurisdiction of the circuit court to try the defendant on an affidavit and warrant issued by a justice of the peace and made returnable direct to the circuit court. This question could not be raised in this manner. Under the law, the circuit court had jurisdiction of the subject-matter charged in the affidavit (Acts 1915, p. 32), and, in the absence of a proper plea, the question of the jurisdiction of the person must be deemed to have been waived.

Under the law, jurisdiction of the subject-matter cannot be conferred by consent, but when jurisdiction of the subject-matter is conferred by law, jurisdiction of person may be conferred by consent. Ex parte Rice, 102 Ala. 675, 15 South. 450; Sherrod v. State, 14 Ala. App. 57, 71 South. 76. As was said in the Sherrod Case, supra:

"Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. * * * To this end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. * * * Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or information, or complaint supported by oath is essential to complete jurisdiction, and cannot be waived."

In the absence of statutory authority a justice of the peace cannot issue a warrant and make it returnable to the circuit court, but the issuing of the warrant involves the jurisdiction of the person, and, in the absence of a proper plea in abatement, is deemed to be waived.

[5, 6] It is next insisted by the defendant "that in prosecutions of this kind there can be but one sale proven, and, if one sale has been proven, other sales or evidence of them must be excluded by the court." There is clearly no merit in this contention, as the provision of the statute (Acts 1915, p. 31, § 30) is that "indictments, informations, complaints, or affidavits for any violation" of the prohibition law "may set out several charges in separate counts, and the accused may be convicted and punished upon each one as upon separate informations, indictments, complaints or affidavits and judgment shall be rendered on each count under which there is a finding of guilty." Phelps v. State, ante, p. 161, 75 South. 877. The affidavit in the instant case contained eight counts, and under the law, if the evidence warranted it, the

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant could have been convicted of as many different offenses. The doctrine of election as announced in Joyner v. State, ante, p. 240, 77 South. 78, cited by appellant, has no application here.

[7] Charge 1 was properly refused, as there was evidence in this case which, if believed by the jury, would authorize the conviction of the defendant for unlawfully disposing of lager beer, a malt liquor, within the period covered by the affidavit. As a matter of fact, the defendant testified that she loaned the state's witness Battle two or more quart bottles of beer, which evidence, of itself, if believed by the jury beyond a reasonable doubt, would be sufficient upon which to base a verdict of guilt. Haynes v. State, 5 Ala. App. 167, 59 South. 325.

[8, 9] There was no error in refusing charge 2, as under the evidence in this case, if any count mentioned in the requested charge was good, then the entire written charge was bad, and therefore properly refused, as the counts were named conjunctively in the requested charge, and under the evidence in this case the jury would have been authorized in finding the defendant guilty of "retailing" as charged in the second count, and of engaging in the business of selling prohibited beverages as charged in count 4, and also of maintaining an unlawful drinking place, as charged under count 8 of the complaint, although there might have been no evidence authorizing a conviction under counts 3, 5, 6, and 7. Moreover, there was a general verdict of guilty, and this verdict would be referred to any good count of the complaint.

This disposes of the several assignments of error, and, there appearing no error of a reversible nature in the record, the judgment of the lower court is affirmed.

Affirmed.