## PITTMAN v. STATE. (4 Div. 681.)

(Court of Appeals of Alabama. April 4, 1922. Rehearing Denied April 18, 1922.)

1. **Indictment and information ☞37—Indictment for cruelty to animals held in Code form, and not subject to demurrer.**

Indictment charging that defendant did overdrive, torture, torment, or mutilate a mule, and did unlawfully or wantonly or maliciously disfigure, destroy, or injure it, was in Code form, and not subject to demurrer.

2. **Criminal law ☞90(2)—Justice of peace has jurisdiction of prosecution for cruelty to animals.**

Under Code 1907, § 6733, justice of the peace had jurisdiction of offense of cruelty to animals, denounced by section 6232.

3. **Criminal law ☞167—After demand for jury trial, proceedings in justice court did not constitute former jeopardy.**

Under Code 1907, § 6739, where defendant, charged with cruelty to animals, demanded a jury trial, justice of the peace had no jurisdiction to hear the case, and his judgment was void, and the proceedings before him did not constitute jeopardy or bar another prosecution.

4. **Criminal law ☞451(3) — Testimony that mule was as wet as if it had swum creek not a conclusion.**

Testimony of a witness, on trial for cruelty to animals, that a mule "was just like he had swimmed the creek, he was so wet," was a mere shorthand rendering or collective statement of the facts descriptive of the mule's condition, and not inadmissible as a conclusion.

5. **Criminal law ☞696(5)—Witnesses ☞248(2)—Answer held responsive, and not subject to motion to exclude, when question not objected to.**

Testimony that a mule was as wet as if it had swum a creek was responsive to question asking what the mule's condition was, and hence not subject to motion to exclude, when the question was not objected to.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Henry Pittman was convicted of cruelty to animals, and he appeals. Affirmed.

The indictment contained two counts; the first being that Henry Pittman did overdrive, torture, torment, or mutilate a mule, and the second that Henry Pittman did unlawfully or wantonly or maliciously disfigure, destroy, or injure a mule, the property of Wester Mixon. The demurrers raised the point that the indictment charges no offense and that the indictment contains no averment of the value of the injury to the mule.

Plea 2 is a plea of former jeopardy, setting up the arrest, trial, and conviction of the defendant before a justice of the peace, which is specifically treated in the opinion, and the replication thereto sets up the demand for jury trial, its denial, etc., as set out in the opinion.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The defendant was once in jeopardy and was entitled to the benefit of his plea. 105 Ala. 117, 16 South. 929; 88 Ala. 182, 7 South. 185; 92 Ala. 101, 9 South. 334; 13 Ala. App. 243, 68 South. 715. The state failed to prove its replication to plea No. 2. Authorities supra. The right of trial by jury may have been waived. 60 Ala. 89, 31 Am. Rep. 34; 96 Ala. 33, 11 South. 296.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court properly ruled that the trial in the justice court was a nullity and that the defendant had not been in jeopardy. Sections 6732 and 6739, Code 1907; 72 Ala. 341; 117 Ala. 158, 23 South. 690. Counsel discuss other assignments of error, but without further citation of authority.

BRICKEN, P. J. [1] The indictment was in Code form. The demurrers thereto were properly overruled. Thomas v. State, 166 Ala. 40, 52 South. 34.

[2] The original prosecution was begun in the justice of the peace court, and was for the offense denounced by section 6232, Code 1907—cruelty to animals. Of this offense the justice of the peace had jurisdiction. Code 1907, § 6733.

[3] The record shows that on the 14th day of April 1919, the defendant was in due form arraigned on said charge in the justice court of John A. May, and before entering upon the trial of this case demanded a trial by jury; that said demand for trial by jury was in writing, but, notwithstanding the demand by defendant for a jury trial, the justice of the peace denied same, and proceeded to the trial of the case, and, after hearing the testimony, adjudged the defendant guilty as charged, and assessed a fine against him of $100 and entered judgment accordingly.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Under the provisions of section 6739, Code 1907, the defendant had the right to demand a trial by jury, and when such demand was made it had the effect of divesting the justice of the peace of all jurisdiction of the case, except to require the accused to enter into bond, with good sureties, conditioned for his appearance at the next term of the circuit court of the county to answer the charge; and, failing to give such bond, the defendant must be committed to the county jail, etc. In Ex parte Dunklin, 72 Ala. 241, the Supreme Court said:

"If, when brought before the justice, the accused desires it, he may demand a trial by jury in the first instance; and, if he does, the jurisdiction of the justice to determine the law and facts is at an end."

See, also, Wiley v. State, 117 Ala. 158, 23 South. 690.

The justice of the peace had no jurisdiction to finally hear and determine this case after the demand for trial by jury; therefore the judgment of conviction attempted to be rendered against defendant was null and void, and of no force and effect whatever, and this judgment, being invalid, is not a bar to a subsequent prosecution, since a former conviction, pleadable in bar of another prosecution, presupposes a trial before a court having jurisdiction to render a judgment on the merits.

It appears that after the attempted appeal by defendant from the justice court to the circuit court the cause in the circuit court was stricken from the docket. In the case of Wiley v. State, supra, the court, in referring to the similar situation, said:

"The case was not carried into the criminal court in any of the modes by which its jurisdiction could be put in exercise, and all of the proceedings therein are mere nullities."

It will be seen from the transcript that, after the defendant was indicted in the circuit court, he filed two pleas setting up former jeopardy, based on the proceedings before the justice of the peace. In the pleadings filed the state took the position that any proceedings in the justice court, after the demand for a jury was filed, were void and of no effect. The lower court sustained the position of the state. From what has been said above, and under the holdings made in the two cases above cited, there can be no question in our judgment as to the correctness of the ruling made by the lower court.

We do not think that the cases cited by counsel for appellant in their argument on this question are in point. We think it entirely clear that the defendant was not put in jeopardy by the proceedings which took place in the justice court.

Counsel for appellant in their brief take the position that the state failed to prove its replication to defendant's plea No. 2. In this we cannot agree, as there appears ample evidence to sustain the material averments of the replication to plea 2.

[4, 5] The only other point made by counsel for appellant is their contention that the court erred in connection with a ruling which was made while the testimony of Mrs. Simms was being taken. The solicitor propounded to the witness the following question:

"Tell the jury what the condition of the mule was at that time; just describe it as best you can."

The witness had previously testified that the mule was kept at her house, and she remembered the night that defendant drove the mule, and that she saw it on the previous day, and that it was not injured; that defendant left her house about 6 o'clock in the afternoon, and got back next morning about 4 o'clock, and she saw the mule that morning about two hours after sunrise. After the question was propounded, no objection was interposed, and the witness answered:

"Well, it was just like he had swimmed the creek; he was so wet."

The defendant moved to exclude the answer, on the ground that the testimony was illegal, irrelevant, immaterial, and incompetent, was the opinion or conclusion of the witness, and that the answer was not responsive to the question. The court overruled the motion, and the defendant excepted. There was no error in this ruling of the court, as the answer was a mere shorthand rendering or collective statement of the facts descriptive of the condition of the mule as the witness saw it, and the answer was not subject to the objections made. The reply of this witness was responsive to the question, and it is a general rule that where such is the case, unless objection be made to a question before the answer is made to it, objection comes too late, and a motion to exclude the answer does not lie.

No error appears in any of the rulings of the court upon the trial of this case, and, as the record is also free from error, the judgment of the circuit court must be affirmed.

Affirmed.