**BOLLING v. STATE. (1 Div. 624.)**

(Court of Appeals of Alabama.  Nov. 17, 1925. Rehearing Denied Feb. 2, 1926.)

**1. Criminal law ⬦260(6)—Irregularity in appeal bond may be waived when formal accusation made.**

Circuit court's jurisdiction of offense of violating liquor laws is exercised on formal accusation, and where this was done irregularity in appeal bond transferring case from recorder might be waived.

**2. Criminal law ⬦105—Waiver of arraignment and agreement to go to trial on original affidavit held waiver of jurisdiction as to person.**

In prosecution for violating prohibition laws, where defendant in circuit court waived arraignment and pleaded "not guilty," not challenging affidavit on which case was tried before recorder, but specifically agreeing to go to trial thereon, *held*, this constituted waiver of jurisdiction as to person.

**3. Criminal law ⬦1030(4)—Defendant agreeing to trial on original affidavit in court having original jurisdiction could not raise question of jurisdiction for first time on appeal.**

In prosecution for violating prohibition laws, where there was no challenge of affidavit but specific agreement by defendant to go to trial thereon, and circuit court had original jurisdiction over crime charged, defendant was precluded from raising question of jurisdiction because of defects in bond on appeal from recorder for first time on appeal.

Appeal from Circuit Court, Mobile County; J. W. Goldsby, Judge.

Robert Bolling was convicted of violating the prohibition laws, and he appeals. Affirmed.

McMillan & Grove, of Mobile, for appellant.

No jurisdiction is shown in the circuit court, and the judgment must be reversed. Courson v. State, 93 So. 223, 18 Ala. App. 538; Hall v. State, 95 So. 904, 19 Ala. App. 178; Ford v. State, 100 So. 917, 20 Ala. App. 67; Nix v. State, 100 So. 918, 20 Ala. App. 94; Perry v. State, 81 So. 858, 17 Ala. App. 80; Jacobs v. State, 85 So. 837, 17 Ala. App. 396; Haynes v. State, 59 So. 325, 5 Ala. App. 167; Am. Ry. Exp. Co. v. McMinn, 99 So. 657, 19 Ala. App. 591.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J.  Judgment affirmed.

*On Rehearing.*

The appeal in this case was on the record. No brief was filed, and, finding no reversible error apparent on the record, the judgment was affirmed without opinion. On application for rehearing appellant files an elaborate brief, raising the question that no jurisdiction is shown in the circuit court and therefore a reversal must follow.

There is a certificate of the clerk of the circuit court to the effect that the record from pages 1 to 4, both inclusive, contains a true and correct transcript of the record and proceedings had in the circuit court on the trial of the case. The record discloses the organization of the court. Then follows an affidavit charging defendant with violating prohibition laws, a warrant issued returnable before the recorder, and an appeal bond from a judgment entered on the 27th day of June, 1924, by the recorder before whom the warrant was made returnable. This appeal bond was signed by defendant and sureties, and is marked: "Approved this 27th day of June, 1924, Recorder of the City of Mobile." Under the statute, the recorder had jurisdiction to issue the warrant and to try and determine the cause, and, upon an appeal being taken, to approve an appeal bond to the circuit court of Mobile county. No judgment of the recorder appears in the record, and perhaps the appeal bond, being uncertain in its description of the judgment in the recorder's court from which the appeal is taken, and not being approved by the person holding the office of recorder in the city of Mobile, and being payable to the city of Mobile, would

_____

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

¹ Reported in full in the Southern Reporter; not reported in full in Alabama Reports.

be insufficient to transfer the case to the circuit court of Mobile county notwithstanding the opinion in the case of Ex parte State ex rel. Atty. Gen., in re McLosky, 98 So. 708, 210 Ala. 458.

[1-3] But the circuit court of Mobile county undoubtedly has jurisdiction of the offense of violating prohibition laws, which jurisdiction is fixed by law to be exercised upon a formal accusation sufficient to apprise the defendant of the nature and the cause of the charge against him. Where this is done irregularities in obtaining jurisdiction of the person may be waived. Sherrod v. State, 71 So. 76, 14 Ala. App. 57; Ex parte Rice, 15 So. 450, 102 Ala. 671; Sanders v. State, 79 So. 312, 16 Ala. App. 531; Booth v. State (Ala. App.) 105 So. 912;[1] Ex parte Rodgers, 67 So. 710, 12 Ala. App. 218. In the instant case the judgment entry recites:

"This day came the state of Alabama by its solicitor and the defendant in his own proper person, and with his attorney and defendant in open court on this day waived arraignment and pleaded 'not guilty' to an affidavit charging him with the offense of violating the prohibition laws of the state of Alabama, and agreed to go to trial on the original affidavit."

This was a waiver of jurisdiction as to the person, and, there being no challenge of the affidavit, but a specific agreement by defendant to go to trial thereon, and the circuit court having the original jurisdiction over the crime charged, the defendant is precluded from raising the question of jurisdiction for the first time in this court.

The application for rehearing is overruled.