(110 So. 595)

### HERNDON v. STATE.    (1 Div. 696.)

(Court of Appeals of Alabama. Dec. 14, 1926.)

**Indictment and information ⊕〰3—Circuit court could not proceed with trial for offense of carrying on bookmaking without indictment returned by grand jury (Code 1923, § 3854).**

Where defendant, after being charged by affidavit with having carried on business of bookmaking, appeared in inferior court of Mobile county, demanded jury trial, and, demand being granted, entered into bond in conformity with Code 1923, § 3854, circuit court, acquiring jurisdiction, *could not proceed* until case had been investigated by grand jury and indictment returned.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

R. C. Herndon was convicted of violating section 4279 of the Code of 1923, and he appeals. Reversed and remanded.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

The circuit court was without jurisdiction to try the defendant, for the reason that no indictment had been returned against him. Const. 1901, § 8; Code 1923, § 4524; Clark v. State, 46 Ala. 307; Jones v. State, 149 Ala. 63, 43 So. 28; Russau v. State, 15 Ala. App. 120, 72 So. 596.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. Defendant was charged, by affidavit made before the clerk of the inferior court of Mobile county, with having carried on the business of bookmaking or pool selling, etc. Warrant was issued returnable before the judge of the inferior court of Mobile county, before whom defendant appeared and demanded a jury trial, and was required to and did enter into bond conditioned for his appearance at the next session of the circuit court of Mobile county; said bond being in conformity to section 3854 of the Code of 1923. These proceedings gave to the circuit court jurisdiction to proceed with the prosecution as is provided by law. The charge here being indictable, and not having been otherwise provided for, the circuit court could not proceed until the case had been investigated by a regular grand jury and an indictment returned. This is "due process" guaranteed to each defendant and without which he cannot be tried. The Legislature has in certain instances and in some counties provided otherwise, and where this is the case the courts generally have upheld such statutes; but no such law applies to Mobile county. A full discussion of the question may be found in Streanger v. State, 1 Div. 693, 110 So. 595,[1] in the consideration of which case we have been materially aided by the briefs for appellant in this and allied cases dependent on this decision.

The other questions raised in this record are unnecessary.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

