(129 So. 491)

## BOYKIN v. STATE.

### 3 Div. 659.

Court of Appeals of Alabama.
June 30, 1930.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The affidavit was defective in that, where the word "possession" should have been, there appears the word "possion," which means nothing. However, _omitting this word as meaningless, the affidavit still charges: "Edd Boykin did have illegally prohibited liquors *contray* to law." The word "have" means "to hold in possession or control," and "contray" is a mere lapsus pennæ. The affidavit eliminating the word "possion" sufficiently charges an offense.

Since the case of McLosky v. State, 210 Ala. 458, 98 So. 708, wherein the Supreme Court overruled this court in its holding in Hall v. State, 19 Ala. App. 178, 95 So. 904, this court has consistently held that the appeal bond given in a criminal case, on appeal from the county court to the circuit court, where the proper recitals are made showing the trial and conviction of defendant in the county court and an appeal from such judgment, is sufficient to give to the circuit court jurisdiction to try and determine the case. Pitts v. State, 19 Ala. App. 559, 99 So. 51; Dubose v. State, 20 Ala. App. 193, 101 So. 911; Bolling v. State, 21 Ala. App. 244, 107 So. 40; Streanger v. State, 21 Ala. App. 600, 110 So. 595.

The provisions of section 3843, Code 1923, are not applicable to violations of the prohibition statutes. Appeals taken in prohibition cases require no statement by the solicitor in the circuit court, but may be tried on the original complaint or affidavit. Code 1923, § 4646; Shaw v. State, 19 Ala. App. 83, 95 So. 210; Johnson v. State, 21 Ala. App. 623, 111 So. 50. The case of Kyser v. State, 22 Ala. App. 431, 117 So. 157, is not in point.

The testimony offered by the defendant that the whisky in question was the property of another was immaterial. Thad Daniels may have owned the whisky, and yet, if defendant was there present, aiding and abetting the possession, he would be equally guilty.

The fact that there was other whisky and whisky containers at the place and in the possession of defendant and two others was all relevant. From the facts and circumstances the jury might conclude that all three of the parties present were guilty.

It was also relevant to prove facts tending to show flight.

There is no error, and the judgment is affirmed.

Affirmed.