## JACKSON v. STATE.
### 4 Div. 708.

Court of Appeals of Alabama.
Jan. 20, 1931.

Rehearing Denied Feb. 10, 1931.

C. L. Rowe, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was indicted, tried, and convicted for the offense of violating the prohibition laws by having whisky in his possession. The undisputed evidence disclosed that this appellant and one Bud Smith were riding in a car when apprehended and arrested by the officers who had blocked the road upon which they were traveling, and in the car with appellant and Griffin was a five-gallon jug of whisky full, or partly full, and the state's evidence tended to show that the jug of whisky was between this appellant's legs, and that, when the officers made themselves known, this appellant broke the jug with his knife, and whisky ran all over his legs and feet. The undisputed evidence shows that about two gallons of the whisky were salvaged by the officers, placed in other containers, and carried to the courthouse with the two prisoners. On the trial of this case, but one question was involved, and that a question of fact. This appellant and Griffin testified that the whisky was between the two men in the car, and not between appellant's legs, and also that appellant did not break the jug with his knife, as testified to by the state witnesses. Griffin claimed the whisky as his own, and testified this appellant had no interest in it whatever. Appellant also denied that he drank some of the salvaged whisky, as testified to by the officers.

Several exceptions were reserved pending the trial, but the court's rulings complained of were so clearly free from error no discussion of the points of decision involved is deemed necessary.

By the evidence a jury question was presented, and the affirmative charge requested by appellant was properly refused. The case rested upon a question of fact only, and we are of the opinion that the evidence adduced was ample to justify the jury in the verdict rendered. Boykin v. State, 23 Ala. App. 598, 129 So. 491.

Affirmed.