(137 So. 462)

## ELMORE v. STATE.

### 8 Div. 999.

Court of Appeals of Alabama.
March 24, 1931.

Rehearing Granted May 26, 1931.

Rehearing Denied June 16, 1931.

R. B. Patton, of Athens, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Fred Wall, of Athens, for the State.

RICE, J.

Appellant was convicted of the offense of violating the terms of Code 1923, § 4024, by buying or receiving seed cotton "after the hour of sunset, and before the hour of sunrise."

There is no question here apparent as to what we will denominate the "merits of the case."

The prosecution was begun by an affidavit made before the judge of the inferior court of Athens. Acts of Alabama (Gen. and Local) 1920, p. 171.

Appellant appeared, specially, in that court, and demanded, in writing, a trial by jury. Acts of Ala. 1920, pp. 171, 172, supra, § 4; Code of 1923, § 3854.

This was denied him, and the judge of the inferior court of Athens proceeded to try the case, and adjudge him guilty.

The judgment in the said inferior court, as contained in the copy of the proceedings, etc., in that court which was filed, on appeal, in the circuit court, recites, in part, as follows: "Comes the defendant and prays an appeal to the present term of the Circuit Court of Limestone County, Alabama, which appeal is granted, and his appeal bond is fixed at the sum of $500.00, the said defendant demanding a trial by jury on said bond, the defendant gave bond and was discharged." But there appears in the record no copy of any such bond. Though, as a matter of fact, it appears that appellant's case in the circuit court, from the judgment of conviction on the trial of which this appeal is taken, was tried before a jury.

The last clause of section 2 of the act of the Legislature of Alabama creating the inferior court in Athens (Acts 1920, p. 171, supra) provides—in the matter of defining the jurisdiction of said court, and after it had been provided that said court should have all the jurisdiction vested, etc., in justices of the peace —as follows: "And, in addition, have concurrent jurisdiction with the County Court of said County of Limestone of all misdemeanors."

Section 4 of said act is in the following language: "Said court shall conform to and be governed by the rules of practice, and procedure that are now or may hereafter be made applicable to justices of the peace in this State."

Appellant is here contending, and with apparent plausibility, that, in view of section 4 of said act, just quoted, when he appeared in the inferior court of Athens and demanded a jury trial, the jurisdiction of said inferior court was thereby brought to an end, and that hence the judgment of conviction rendered by it was void, and would not support an appeal to the circuit court, and that the judgment of conviction here appealed from should be reversed, etc. Code 1923, § 3854; Pittman v. State, 18 Ala. App. 447, 93 So. 42.

Our answer to his contention is that it is our duty to construe the above-mentioned act, creating the said inferior court, or any other statute, for that matter, in a way that would "give all parts a (the) statute meaning, and operation if possible," Harrington v. State, 200 Ala. 480, 76 So. 422; or, as held in the case of City of Montgomery v. Smith, 205 Ala. 557, 88 So. 671: "In construing a statute, every word and each section thereof must be given effect if possible, and construed with other sections in pari materia." And see Mooring et al. v. State ex rel. Braswell, 207 Ala. 34, 91 So. 869.

And, endeavoring to follow the rule we have just quoted, we hold that, in view of the quoted excerpt above from section 2 of said act, what section 4 really means is that "said court shall conform to and be governed by the rules of practise, and procedure that are now or may hereafter be made applicable to justices of the.peace in this State," in those cases of which said justices of peace have jurisdiction.

This construction, it seems to us, is fairly within the meaning of the language employed, and is necessary, if operation is to be given to the above-quoted, last clause of section 2 of said act. And, according to this construction, it appears that there was nothing irregular, or unwarranted, in the action of the judge of the inferior court of Athens in ignoring appellant's request for a jury trial, filed in that court, and proceeding to try and determinate his guilt, vel non, of the charge made. Code 1923, § 3813.

"In the sense, however, in which the term ordinarily is used jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case." 7 R. C. L. p. 1029.

The offense of which appellant stands here convicted is one over which justices of the peace have not jurisdiction, in the sense of the definition of that word we have just quoted. But the inferior court of Athens had such jurisdiction, in addition to whatever jurisdiction justices of the peace had.

And we do not think it was the intention of the Legislature, by the enactment of section

4 of the act above, to, in effect, take away this jurisdiction.

All that we care to say about the holding in the case of Streanger v. State, 21 Ala. App. 600, 110 So. 595, is that we do not conceive that it conflicts with anything we have written herein.

Finding nowhere any prejudicial error, the judgment of conviction is affirmed.

Affirmed.

### On Rehearing.

**SAMFORD, J.**

■ The concrete question presented in this application for rehearing is: When a defendant is charged by affidavit with an offense of which the inferior court of Athens has jurisdiction and upon which a warrant has been issued returnable to said court, if at the trial the defendant appears and demands a jury trial, what is the procedure necessary to a continuation of the prosecution? By the act creating the inferior court of Athens (Acts 1920, p. 171) and in section 2 of said act, the court is given jurisdiction concurrent with the county court of all misdemeanors committed within the county. Section 4 of said act provides: "Said court shall conform to and be governed by the rules of practice, and procedure that are now or may hereafter be made applicable to justices of the peace in this State." In other words, the judge of said court is a justice of the peace with an enlarged jurisdiction, to be governed in the exercise thereof by the same rules and procedure as governs other justices of the peace. If it had been intended for the rules and procedure governing county courts to apply, the act would have said so. Jurisdiction is one thing and rules and procedure another. Under section 3854, Code 1923, a demand for a jury trial before a justice court ousts the jurisdiction of the justice and the defendant must be "required to enter into bond, with good sureties, conditioned for his appearance at the next session of the circuit court of the county to answer the charge." Pittman v. State, 18 Ala. App. 447, 93 So. 42.

■ In the circuit court, unless otherwise specifically provided by statute, the only process by which the prosecution can continue is by indictment by a grand jury. Streanger v. State, 21 Ala. App. 600, 110 So. 595.

The trial court erred in placing defendant on trial without an indictment.

The application for rehearing is granted, the judgment of conviction is reversed, and the cause is remanded.

RICE, J., dissents.