69 So.2d 484

### COPELAND v. STATE.

#### 7 Div. 237.

Court of Appeals of Alabama.

Jan. 27, 1953.

Rehearing Denied Feb. 17, 1953.

46

Roy D. McCord and Rowan S. Bone, Gadsden, for appellant.

· Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

In the court below the accused was convicted on a charge of violating the prohibition law.

The affidavit and warrant bear the date of issuance as November 26, 1951. The return of the sheriff is: "Executed by arresting the within named Defendant and Committed to jail 11/24/52."

The cause was tried in the county court and after conviction the defendant took an appeal to the circuit court. In the latter jurisdiction the solicitor filed a complaint.

At the inception of the trial proceedings in the circuit court, appellant's counsel made a motion to strike the affidavit and warrant on the grounds that the return of the sheriff showed the arrest prior to the day the affidavit and warrant were issued.

This mistake in dates was not called to the attention of the judge of the county court. The trial in the circuit court proceeded in due form by the filing of the complaint and the appearance of the defendant. There certainly was no prejudicial error to the rights of the accused in the action of the circuit judge in denying the indicated motion.

The officers, armed with a warrant to search the premises of the appellant, went to the residence of the latter and there found a jug containing about one-half gallon of "white liquor." The defendant admitted ownership of the whiskey to the officers.

One of the officers extended his search into the appellant's barn, which was just across the road from the dwelling, and found there five gallons of whiskey.

The court overruled appellant's objections to the testimony relating to the search and finding in the barn. There is no merit in the insistence that this was error. Holland v. State, 21 Ala.App. 520, 109 So. 885; Boykin v. State, 23 Ala.App. 598, 129 So. 491; Johnson v. State, 29 Ala. App. 276, 196 So. 151; Green v. State, 22 Ala.App. 536, 117 So. 607.

There is no prejudicial error in the record. The judgment below is ordered affirmed.

Affirmed.